AUGUSTUS BOCKES, TRUSTEE, ETC., *v.* HENRY H. HATHORN et al.

A trustee of a fund for the security of an indebtedness to others, who as such is plaintiff in an action to enforce such indebtedness, may appeal from a judgment which reduces and limits the number of those who are creditors upon the fund; he is aggrieved by the judgment when a real claim is not added into the amount adjudged to be due, and a real claimant is shut out by it from a share in the proceeds.

*It seems*, that where there is a pressing need to enforce a lien for the benefit of the trust, one of several trustees, as sole plaintiff, may bring an action for that purpose, when his associates will not join; in which case they may be made defendants. (New Code, § 448.)

Where an action is so brought, the plaintiff may appeal from the judgment without the consent of his co-trustees. The responsibility of his position as plaintiff having been put upon him by the refusal of his associates to act, it is with him to take such action in the suit as his judgment dictates.

The plaintiff in such an action may, and it is his duty in a proper case, to permit his name to be used by a *cestui que trust*, for the review of a judgment fatally adverse to the latter; and the court may by order permit such an appeal to be brought.

The fact that the *cestui que trust* is a party to the action, and has or may take an appeal in his own name, does not take away the power in the trustee or the court; it is for the consideration of the trustee and the court in the exercise of their discretion.

Statement of case.

Where an order was granted in such an action, allowing several persons, claimants upon the fund, some of whom were parties to the action and some not, but who were all in a class and in like manner affected by the judgment, to appeal in the name of plaintiff, *held,* that the court properly exercised its discretion.

Also, *held,* it appearing from the papers that the plaintiff was cognizant of, and assented to, the motion, that the motion was properly granted *ex parte,* that neither the co-trustees nor the parties interested in upholding the judgment were entitled to notice.

. (Argued June 17, 1879; decided September 17, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming the order of the Special Term denying the motion of C. Kilmer and W. B. Deuel, trustees, etc., to vacate an *ex parte* order allowing certain defendants in the action and others not parties thereto to appeal from the judgment in this action in the name of plaintiff; and also refusing to dismiss the appeal taken by said parties under and by virtue of said *ex parte* order.

The facts appear sufficiently in the opinion.

*A. Pond,* for appellants. No notice of the application for the order having been given it was irregular. (4 Wait's Pr., 595; Sup. Ct. R., 21; *Lenard* v. *Cuzenaux,* 1 Paige, 39; *People* v. *Lawrence,* 54 Barb., 617; *Suffern* v. *Lawrence,* 4 How., 129; *Simpson* v. *Greeley,* 20 Wall., 156.) The three trustees are a unit and one alone does not represent the title to the trust fund unless the others refuse to act, where action is necessary to protect the fund. (*Brinkerhoff* v. *Wemple,* 1 Wend., 470; *Thatcher* v. *Candee,* 33 How., 146; *Bartlett* v. *Hatch,* 17 Abb., 461; *Western R. R. Co.* v. *Nolan,* 48 N. Y., 513.) It is the joint duty of all the trustees to resist the appeal. (*Hubbard* v. *Eames,* 22 Barb., 604.) The right to appeal is limited to the party aggrieved. (Code Civil Proc., § 1294.) The prevailing party in an action is not so aggrieved by a judgment in his favor as to authorize him to appeal for the benefit of the party beaten.

(Code of Civil Proc., § 1294; *Hackley* v. *Hope*, 4 Keyes, 123; *Tracy* v. *First Nat. Bk.*, 37 N. Y., 524–525; *Idley* v. *Bowen*, 11 Wend., 227; *Fairbanks* v *Corlies*, 1 Abb., 150 - 155; *Hughes* v. *Stickney*, 13 Wend., 227; *Fake* v. *Whipple*, 39 Barb., 339; 4 Wait's Pr., 229, 239.) The right to appeal is confined to the parties to the record and to those only who are " aggrieved" as already shown. (Code of Civil Proc., § 1294; *People* v. *Lynch*, 54 N. Y., 681; *E. B.* v. *E. C. B.*, 28 Barb., 299–306; *Fairbanks* v. *Corlies*, 1 Abb., 155; *In re Bristol*, 16 id., 397; *Martin* v. *Kanouse*, 2 id., 390; *Thompson* v. *Tracy*, 60 N. Y., 31, 34 and 35; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 97; *Foster* v. *Tyler*, 7 Paige, 48; *Hubbard* v. *Eames*, 22 Barb., 597–604; *People* v. *Lynch*, 54 N. Y., 681; *Tracy* v. *First National Bk.*, 37 id., 525.)

*Esek Cowen*, for respondents. The order was not appealable to this court. (*Arthur* v. *Griswold*, 60 N. Y., 143; *Wilkin* v. *Raplee*, 52 id., 248.)

FOLGER, J. The plaintiff, as the trustee named in a mortgage on real estate given to secure bonds issued with coupons attached, brought a suit to foreclose the mortgage. There are two co-trustees ; one refused to begin, the other to continue as plaintiff ; and they were made defendants. An issue was tried as to the validity of certain bonds and coupons which were in the hands of corporations or persons, and as to whether they were entitled to share in the trust fund ; and it was adjudged by the referee that they were not valid, and the amount of them was disallowed by him, from the sum found due and unpaid and secured by the mortgage.

From the judgment of the referee an appeal was taken, in the name of Augustus Bockes, the sole plaintiff. It was by an order of the court allowed to be done in his name by others, some of whom were defendants in the suit, and some not. From that order this appeal comes here. Some of

the positions taken in this court go to the right of Augustus Bockes, he being a trustee for others and a co-trustee with others, to take an appeal of his own head. It is well to consider those positions as if he had taken the appeal of his own motion, and without any order of the court affecting or authorizing or consenting to an appeal in his name by others.

The principal position is in effect this : That as the plaintiff is a trustee of a fund for the security of an indebtedness to others, he is not aggrieved by a judgment which reduces and limits the number of those who are creditors upon it. This position is not tenable. It is his duty to protect the fund from unfounded claims upon it ; and he is not aggrieved when an unreal claim has been defeated. It is his duty also to protect and assist real claimants in reaching their due share of the fund. It is his duty, when he has sued for an enforcement of the general indebtedness, to see that the aggregate adjudged is large enough to cover all the claims that really exist, and to see that no real claimant is adjudged to be without right ; and he is aggrieved when a real claim is not added into the amount adjudged to be due, and a real claimant is shut out by the judgment from a share in the proceeds of it. He is not only a trustee to keep the fund and to divide it, but he is a trustee for every one who has a right in it, and is bound to break unto each of such his portion in due season. If, then, in the sound judgment of the plaintiff, the referee has erred in disallowing the claim of any one upon the fund, he may well hold himself to be aggrieved thereby and to seek relief by appeal.

But again, it is said that he is but one of three trustees, and that all are equal in power. Though that is true, it is also true that he alone is the plaintiff in this suit and has the responsible conduct of it ; and it is with him to take such action in it as his judgment dictates. The two have refused to act as plaintiffs with him and have thus put upon him the whole responsibility of that relation to the suit. It is not necessary to determine what would have been his right, had

the three been joined as plaintiffs, and after judgment two had refused to appeal. As the result of the action of the two, he is the sole plaintiff charged with the conduct of the case, morally, at least, bound to use his best judgment therein, and with all the rights that a sole plaintiff has. Though it is true that a number of trustees are in law but one person and as a rule must join in legal proceedings, yet it is too late in this suit to insist that Augustus Bockes, under the circumstances existing, could not as sole plaintiff bring and prosecute it. One trustee may sue another to prevent a wasting of the estate, especially where he has been acquiescent in the acts of the delinquent. (*Franco* v. *Franco*, 3 Ves., 75.) It is an analogous case, where there is pressing need to enforce a lien for the benefit of the trust, and one or more of co-trustees will not join in a suit; especially under the provision of the Code of Procedure for such case. (§ 448.) And where there has been refusal to join in the commencement of the suit, we know of no rule or reason why at any other stage of it the request should be renewed and refusal made, before the sole plaintiff can act, though that stage be begun by so independent a step in it as an appeal · from a judgment. Doubtless, as a general rule, where there is a joint judgment against several it is irregular for one to sue out a writ of error or bring an appeal (*Simpson* v. *Greeley*, 20 Wall., 152); and that rule may apply to the case of a judgment for several, but not so favorable as one of them may deem it should be. Yet there are exceptions; one of them is where a severance has been effected by summons and severance, or by some equivalent action appearing on the record. (Id.)

We think, then, that Augustus Bockes, as the sole plaintiff, if in his best judgment there was error in the judgment, had a right to seek a correction of it by appeal.

It is further contended that he had no right to suffer, and that the court had no power to permit him to suffer an appeal to be brought in his name by other persons, some parties to the suit and some not.

*Prima facie* those persons are all *cestuis que trustent.* They hold either bonds or coupons, which appear to have been issued in pursuance of the trust instrument and to be chargeable upon the fund. It is a rule that if a *cestui que trust* desires to bring a suit against a stranger (by which term is meant another than the trustee), he should apply to the trustee to allow his name to be used as co-plaintiff; and the trustee is bound to comply, on being indemnified against costs; or if he refuse improperly, he may be made a defendant and will be deprived of his costs, or he may be ordered to pay costs : (*Read* v. *Sparkes*, 1 Moll, 8; *Hughes* v. *Key*, 20 Beav., 395.) It cannot be the less his duty, in a proper case, to allow his name to be used for the review of a judgment fatally adverse to a *cestui que trust.*

That some of the others are already parties to the action, and have taken or may take an appeal in their own names (if such indeed be the fact), does not go to the root of the matter. It was for the consideration of the trustee, and for the consideration of the court in the exercise of its discretion in granting the order. Inasmuch as there were other persons, not parties, in like manner affected by the judgment, all in a class, we do not see that if the court had the power it erred in discretion in the use of it, by suffering all in like quandary to join in like effort for relief.

It is further contended that the order was irregular, for that there was no notice of the motion given to any one. Augustus Bockes did not need formal notice, for it is plain from the papers that he was cognizant and assenting. The co-trustees, as such, had no right to notice, for it was a matter wholly between the trustee who brought the suit and the persons seeking, as ostensible *cestuis que trustent*, the use of his name. It is said that it was competent for parties interested in upholding the judgment to appear and show that these other persons had no interest in the matter. That was the very thing in issue ; the vital matter in which the judgment alleged to be erroneous. It was for the plaintiff trustee to was determine whether there was that probability of error as to

call upon him to allow an appeal in his name. As he would not need to give his co-trustees, defendants, notice preliminary to his notice of appeal, so it was not needed that notice of motion for this order should be given to them. Whether he would allow his name to be used for an appeal, was for his sole determination, in which they could not meddle. Whether an order should be made that they do so, was also beyond their interference. The power to allow an appeal in his name was with Augustus Bockes. Whether the court could have restrained the use of that power by him, does not now come up. Having the power, he did not choose to use it covertly, but willed that all that was to be done should be openly done and spread upon the record. We are fain to believe that it was not a new thing for him thus to do.

We come to the conclusion that the order was one that it was in the power of the Special Term to make, and that it did not abuse its discretion therein.

The order should be affirmed.

All concur, except Church, Ch. J., taking no part.

Order affirmed.