EMMA J. GLOS

*v.*

MARGARET E. MOORE MULCAHY.

*Opinion filed June 23, 1904.*

1. BURNT RECORDS—*what sufficient to entitle petitioner to decree.* In a burnt records proceeding, proof of the chain of title set out in the petition showing color of title made in good faith, possession and payment of taxes for seven successive years and the destruction of the records, entitles the petitioner to a decree unless the defendant shows a better title.

2. TAX DEEDS—*effect of introducing tax deed in burnt records case.* Introduction of a tax deed in evidence in a burnt records proceeding is not sufficient to establish a title in the defendant unless the notice on which the deed is founded is also introduced.

3. SAME—*clerk's certificate must be made on day advertised for sale.* A tax deed is invalid where the record introduced in evidence shows that the certificate of the county clerk to the record of the judgment and order of sale was not made on the day advertised for the sale, as required by law.

4. COSTS—*proper distribution of costs on setting aside tax titles quit-claimed.* A decree in a burnt records proceeding setting aside tax titles quit-claimed by the holder should provide for re-payment to the grantee of her proportion of the taxes, interest and costs.

Appeal from the Circuit Court of Cook county; the Hon. J. W. Mack, Judge, presiding.

Emma J. Glos, *pro se,* (John R. O'Connor, of counsel.)

Julius Stern, (Edmund S. Carr, of counsel,) for appellee.

Mr. Chief Justice Ricks delivered the opinion of the court:

On April 15, 1902, appellee, Margaret E. Moore Mulcahy, filed her petition in chancery in the circuit court of Cook county to establish title, under the Burnt Records act, to lot 17 in Hambleton's subdivision of section 16, township 38, north, range 14, east of the third principal meridian, alleging that she obtained her title to said property by warranty deed from Adolph Petterson and wife, bearing date April 29, 1889, and recorded June 3, 1889; that she had been in the actual possession of said premises, claiming title under said warranty deed, for more than twelve years last past, and that she had for more than seven successive years paid all taxes legally assessed on said lands and tenements, and that she has held sole, exclusive, notorious and adverse possession thereof during the whole of said period since she obtained title thereto; that the public records of Cook county were destroyed by fire October 9, 1871, at which time Mary M. Nourse was the owner in fee simple of the premises herein above described, and that said Mary M. Nourse derived her title thereto by *mesne* conveyance from the United States, which conveyances are fully set forth in the petition. All parties interested were made parties defendant in the original bill. Appellant, claiming to have some interest in the property by reason of a deed from her husband, after the bill was filed was also made a party defendant, by amendment, to the bill. The prayer of the petition was that the title to said premises may be confirmed and established in the petitioner in fee

simple absolute, free from all claims, excepting as to the rights of the Garden City Equitable Loan and Building Association and Julius Stern, as trustee.

The appearance of the appellant, Emma J. Glos, and her husband, Jacob Glos, was entered and separate answers were filed. The answer of Jacob Glos neither admits nor denies the allegations of the petition in regard to the ownership and possession of said petitioner, but calls for strict proof thereof; alleges that he and Emma J. Glos claim title to said lots under sale to Jacob Glos for taxes on the 17th day of August, 1898, being for the unpaid taxes for the year 1897, and that on the 21st day of June, 1901, the county clerk of Cook county issued to the defendant Jacob Glos a deed for said property, etc.; further answering, says that he and Emma J. Glos are the owners of said lots in fee simple, and that the source of their title is a matter of record, and is a matter which complainant can, if she desires, ascertain by reference to the public records, etc. The answer of the appellant, Emma J. Glos, contained practically the same allegations as that of her husband.

Replications were filed to the answers, and the cause was referred to a master in chancery to take proofs and report the same with his findings of fact and conclusions of law. No evidence was offered by appellant except the introduction of the tax deed to Jacob Glos and a quit-claim deed from Jacob Glos to Emma, his wife, which deed purported to convey a one-third interest in all lots and land, of every description, in the city of Chicago, which the grantor has acquired by virtue of tax deeds, recorded in the recorder's office of Cook county, Illinois. The master found in favor of appellee upon all material allegations of her bill, and found there was due Jacob Glos, on account of his payment of taxes, the sum of $50.12, and interest thereon. Objections were filed before the master, by both appellant and her husband, to his findings, and overruled, and the objections were al-

lowed to stand as exceptions before the court. The exceptions being overruled, a decree was entered finding that the petitioner had acquired title to the property in question by warranty deed from Adolph Petterson and wife, and had had possession and resided thereon for thirteen years, etc. The decree recites that the said defendants, Jacob Glos and Emma J. Glos, have offered no evidence to support the validity of said tax deed, under which they claim title to said premises; finds from the proof that judgment was entered by the county court of Cook county against the said premises in said petition and herein described, for non-payment of taxes for the year 1897; that a sale of said premises to satisfy said judgment, taxes, interest, penalties and costs was made on the 17th day of August, 1898; that the certificate of the clerk of the county court attached to the record of said judgment and order of sale was made on the 13th day of July, 1898; that the sale for taxes for the year 1897 opened on August 1, 1898; that the process under which the officer making the tax sale at which said premises were sold on the 17th day of August, 1898, to said Jacob Glos, was not valid and the sale of said premises was therefore void. It was ordered, adjudged and decreed that the title to said lot 17 is vested in the petitioner, subject to a certain trust deed, and subject to a lien for moneys advanced by Jacob Glos for payment of delinquent taxes, and interest, amounting to $85.23, and ordered petitioner to pay to Jacob Glos said sum within ten days, and in the event that he refused to accept the same, that it be paid to the county clerk. The defendant Emma J. Glos appeals from this decree, and argues, first, that the evidence does not sustain the decree; and second, that there was not sufficient evidence offered before the master connecting the chain of title from the government.

The chain of title was set out in appellee's petition, and the proof showed color of title made in good faith,

possession, payment of taxes for seven consecutive years and the destruction of the records. This was sufficient *prima facie* title, which was all that it was necessary to show, and entitled appellee to her decree unless the defendants showed a better title. (*Gage* v. *Gentzel*, 144 Ill. 450.) The only evidence introduced by the defendant Emma Glos was the introduction of the tax deed and the quit-claim deed from Jacob Glos to Emma J. Glos, his wife, which was not sufficient to overcome the proof offered by the complainant. A tax deed introduced in evidence is not sufficient to pass title unless the notice as required by statute is also introduced in evidence. The tax deed is only color, in itself, together with *prima facie* proof of certain facts enumerated by the statute, the tax deed being a creature of the statute, and must be given that meaning and intendment, only, which the statute directs. The deed is made *prima facie* evidence of the facts enumerated in the statute, and this court cannot extend it further. The deed being merely evidence of color of title, she should have introduced the notice on which it was founded. *Kepley* v. *Fouke*, 187 Ill. 162.

The tax deed was insufficient also for the reason that the record introduced in evidence shows the judgment was entered July 13, 1898, against the premises, and the sale for taxes for the year 1897 opened on August 1, 1898, and the certificate of the county clerk attached to the record of judgment and order of sale was made on the 13th day of July, 1898, whereas the statute requires such certificate to be made on the day advertised for sale, and unless the proper certificate is made the sale is void for want of process. *Gilbreath* v. *Dilday*, 152 Ill. 207.

We are of the opinion, after a careful review of the record, that there is ample evidence to sustain the decree, and appellant not presenting sufficient competent evidence to overcome the *prima facie* case made by the petitioner, the first point raised by the appellant is not sustained.

It is next argued that the decree should have directed that appellant be reimbursed her proportionate share of the taxes. The quit-claim deed being an assignment of an interest in the taxes found due, it was error for the court to set aside the tax titles quit-claimed by Jacob Glos to appellant without requiring the re-payment to her of her proportion of taxes, interest and cost. *Glos* v. *Woodard*, 202 Ill. 480; *Glos* v. *O'Toole*, 173 id. 366.

The decree of the circuit court is in all respects affirmed, except in so far as it directs the full amount found due as taxes and interest to be paid to Jacob Glos, and as to that part of the decree it is reversed and the cause is remanded to the circuit court, with direction to that court to ascertain the amount due appellant and modify its decree in that particular.

The decree of the circuit court is affirmed in part and reversed in part, with direction as above indicated, each party to pay one-half of the costs.

*Reversed in part and remanded, with directions.*