# Broughton *v.* Shivers.

### *Bill to Foreclose Mortgage.*

(Decided July 2, 1907.   44 South. 469.)

1. *Appeal; Party Aggrieved.*—A receiver cannot require the court to review a decree fixing the amount due upon a mortgage, where he was not a party to the bill to foreclose the mortgage, nor interested in the contest involving the amount due the mortgage thereunder.

2. *Same.*—A mortgagee who obtained full relief in a suit for the foreclosure of the mortgage cannot complain of error in awarding compensation to a receiver appointed to take charge of the mortgaged property.

APPEAL from Monroe Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by J. D. Shivers against George W. Broughton and another. From a decree awarding relief to complainant, and fixing the compensation of E. Broughton, as receiver, the latter appeals, and the former brings cross-appeal. Affirmed.

One of the defendants, Alex. McLean, on the 22d day of August, 1904, gave a mortgage on certain personal property, consisting of oxen, mules, wagons, etc., to the Bear Creek Mill Company, to secure a debt of $1,103.22, for money advanced to said McLean with which to purchase the same, payable as provided therein by several promissory notes, the last of which, for $275, was due and payable on the 14th of April, 1905. This mortgage was, in consideration of $862.93, transferred, on the 26th day of May, 1905, by the mortgagee to J. D. Shivers, the defendant and cross-complainant.

G. W. Broughton claims to have obtained some interest in said property, in the nature of a partnership interest, and he filed a bill in the chancery court of Monroe county against said McLean for a final settlement of said partnership, and obtained the appointment of the appellant and cross-appellee, E. Broughton, as receiver of the property. Thereupon J. D. Shivers, the appellee and cross-appellant, filed his bill against said G. W. Broughton and Alex. McLean for a foreclosure of said mortgage, and prayed for the appointment of a receiver to take charge of said property.

The bill alleges that the court had appointed E. Broughton as receiver in said cause between G. W. Broughton and Alex. MceLan, and thereafter, on the 21st day of June, 1905, in the case between them, made an order authorizing the sale by the receiver of said property for the purposes of said suit, and the receiver accordingly advertised the sale of said property for the

24 R

6th of July, 1905. It further alleges "that, if said property is so sold by said receiver, it will necessarily be sold subject to complainant's said mortgage; that, if sold subject to said mortgage, said property will not realize anything like its fair value, in excess of complainant's mortgage, and that said property will probably be sold to divers persons, and will be scattered, so as to make it difficult for complainant to enforce his mortgage against said property."

The prayer of the bill, to quote its language, was "to ascertain and decree the amount of the indebtedness due to complainant as aforesaid, and will restrain the sale of said property by said receiver until the causes can be determined, and will, when the amount of the indebtedness due to complainant is ascertained, order and decree said property to be sold, and the proceeds applied, first, to the payment of the costs of this suit, and the care and custody of said property pending this cause, and then to the payment of the said mortgage indebtedness due to complainant, and the balance thereof, to such person or persons as may be adjudged to be entitled thereto. Complainant further prays that, pending this suit, the said E. Broughton, who was appointed receiver in said other cause pending in this honorable court, be likewise made the receiver in this cause for the custody of said property," and for further relief.

The receiver was duly appointed, and a writ of injunction issued, in accordance with the prayer of the bill. There was an agreement of the parties in the two suits—which agreement is referred to in the decree of the court appointing the receiver—reciting that, "to avoid the expense of keeping said property, it is hereby agreed, between the parties to said suits, that said E. Broughton, as receiver, shall sell and dispose of all the above-mentioned property, for cash, at public outcry,

after giving ten days' notice by publication for ten days in some newspaper published in the county of Monroe of the time, place and terms of the sale, and shall hold the proceeds of the sale of said property in lieu of said property, to answer such decree as the said chancery court may make in the above entitled causes."

The receiver, according to the terms of said decree, sold all the property except two pair of blankets and a blind ox, for which he received no bids, at and for the sum of $764.70, and reported the same to the court. He also reported that two of the mules which had been turned over to the Bear Creek Mill Company, under a rental contract, had died, and at the time they died they were under the control and management of complainant, J. D. Shivers. He also reported that the Bear Creek Mill Company was due him as receiver the sum of $259.35.

He also filed his claim for compensation as receiver, amounting in all, in the two cases, to $618.56—the sum of $214.56 claimed in the case of G. W. Broughton against Alex. MceLan, and $404 in the case of Shivers v. Broughton and McLean. The chancellor made an order referring it to the register to ascertain the amount due on complainant's mortgage. On execution of this reference, complainant, Shivers, was examined as a witness, and testified that the amount charged by the receiver to the Bear Creek Mill Company, $295.35, was a proper charge to be deducted against him in ascertaining the amount due on his mortgage. His evidence tended to show that the two mules that died in his charge were of the value of $140 each, and that they died without fault of his.

The receiver testified to the correctness of the amount due him as receiver in the case of G. W. Broughton and Alex. McLean, the same being $214.56, and that the

amount due by the Bear Creek Mill Company, for hire and rent of teams, etc., $259.35 was also correct.

The register reported that the complainant and the receiver were present and examined as witnesses, and that the sum due on said mortgage was $886.77. The receiver testified that the amount due by the Bear Creek Mill Company was, including interest, $269.70, and there was no evidence to the contrary; that the two mules that had died were in good condition on the day they were advertised for sale by the receiver under the order of the court in said case of Broughton v. McLean, and the receiver was enjoined from selling them on that day by the action of the complainant, and, therefore, it was by his action that the receiver did not have the value of the two mules in his possession. He, therefore, charged their value against the complainant's mortgage indebtedness, leaving after this and another deduction, the sum of $230.27 due on said mortgage. The complainant excepted to the item of the two mules being deducted from his mortgage.

The receiver filed his account of expenses incurred in taking care of the property in the present case (Shivers v. Broughton and McLean) which amounted to $249.50. There being no evidence against the correctness of this account, the register allowed the same as a proper credit to the receiver. There were no vouchers submitted for disbursement, but they consisted of small sums and were sworn to by the receiver as being correct; and, as stated, there was no evidence submitted to the contrary. The court costs were shown to be $65.90.

The chancellor decreed that the receiver pay to the complainant $617, the amount of his mortgage indebtedness, with interest from December 15th, then the court costs, and thereafter $245.50 as a reasonable amount for his services. Nothing was allowed the receiver for his

services in the original case of Broughton v. McLean. E. Broughton prosecutes the appeal to reverse the decree, and J. D. Shivers prosecutes a cross-appeal against allowing the receiver his claim or expenses in this case.

BARNETT & BUGG, and THOMAS W. MARTIN, for appellant.—A receiver cannot recover judgment for his services against the parties to the original suit in which he was appointed by a motion made in that suit. The appropriate method of procedure is to have the compensation fixed by the court to be allowed out of the assets in his hand to be taxed as costs in the action.—High on Receivers, p. 512. The court should have decreed that the costs and receiver's compensation be paid out of the funds in the receiver's hands and the balance applied to the payment of the mortgage debt, and if not sufficient to satisfy that, a decree over should have been rendered against G. W. Broughton and Alex. McLean, defendants in the original suit.—*Beckwith v. Carrol,* 56 Ala. 12; *Amer. T. & S. Bank v. McGettigan,* 78 Am. St. Rep. 363; *Cutter v. ollack,* 50 Am. St. Rep. 560. The chancellor erred in limiting the register in the reference to the time the receiver was acting in the last suit. Whatever was justly expended by the receiver in preserving the property after the accrual of the mortgagee's right to foreclose is a just charge against the property, and should be deducted against the proceeds.—*Beckwith v. Carrol, supra; Thornton v. Highland A. & B. R. R. Co.,* 94 Ala. 353; s. c. 126 Ala. 194; 115 Ala. 592. A receiver or the fiduciary officer is entitled to a reasonable allowance for legal services and advice rendered necessary by the duties of his receivership.—103 Ala. 582; 110 Ala. 585.

GREGORY L. & H. T. SMITH, for appellee.—Counsel discuss assignments of error but cite no authority.

HARALSON, J.—The account of the receiver was excepted to on the grounds, because the receiver did not present vouchers to sustain his disbursements, and because the expenses were not shown to have been reasonable, and, as to some of them, that they were not proved.

The ruling of the chancellor, in sustaining an exception to the register's report, with respect to the amount due complainant on his mortgage debt, is not a matter that can be reviewed on an appeal of E. Broughton as receiver. He was not a party to this bill, and he had no interest in the contest involving the amount due the complainant on his mortgage debt. Furthermore, his appeal is not from that decree, but from the decree of January 16, 1906, which to some extent affected his right to compensation. His assignments of error, therefore, relating to the decree ascertaining the amount of complainant's mortgage debt, must be disregarded.

The other assignments of error by Broughton, as receiver, relate to the said decree of January 16, 1906, in which the chancellor ordered that the proceeds of the sale of the property, which amounted to $764.70, be first applied to complainant's debt, which he had theretofore ascertained to be $617, and the costs of this litigation which he ascertained to be $65.50, and the balance to be applied by the receiver to his compensation. By this decree, the chancellor overruled exceptions to the register's report, which showed that Broughton's compensation as receiver should be $245.50.

It appears by the record that the complainant has prosecuted a cross-appeal, assigning as error the overruling of his exceptions to the following items, to-wit: $50 attoriey's fee, $50 to McMillan, and $112.50 for certain services rendered by the receiver himself, in looking after the property, aggregating $212.50, which amount was included in the $245.50 allowed to the receiver by

[Butts v. Cooper.]

the register. These exceptions to the register's report should have been sustained, for lack of proof to support them. If these exceptions had been sustained, and the items stricken, as should have been done, the receiver would be entitled to retain only $33 of the fund in his hands, whereas, under the decree appealed from, he was allowed to retain the sum of $81.80, making $48.80 more than he was entitled to.

It follows, therefore, that if the decree of the chancellor was erroneous, it was error without injury to the receiver.

As complainant under this decree gets the whole of his debt, and all the costs paid out of the fund in the receiver's hands, no injury resulted to him, from this decree, notwithstanding the chancellor committed an error in overruling his exceptions to the register's report.

It results, that neither of the appealing parties can take anything by their respective appeals.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.