EMMA C. WARDEN, Appellee, *vs.* JACOB GLOS *et al.*—
(EMMA J. GLOS, Appellant.)

*Opinion filed October 26, 1908—Rehearing denied Dec. 4, 1908.*

1. TAX DEEDS—*when deed from holder of tax deed is invalid.*
A deed made by the holder of a tax deed, purporting to convey a
portion of his interest to his wife, is invalid, as against the holder
of the paramount title, if the tax deed is void; but as between the
grantor and the grantee it operates as an assignment of the gran-
tor's rights to the extent of the quantity of the interest conveyed
and entitles the grantee to a like portion of the amount required to
be re-paid upon setting aside the tax deed.

2. APPEALS AND ERRORS—*when decree is supported, on appeal,
without evidence or findings of fact.* If a bill to set aside a tax
deed and a conveyance by the holder of the tax deed to his wife
alleges that the holder of the tax deed has assumed to convey "a
portion of his alleged title" to his wife, it is incumbent upon the
wife to show what her interest is under such deed, otherwise a de-
cree requiring all the money expended for taxes, interest, costs,
etc., to be refunded to the holder of the tax deed is a proper de-
cree, and does not, upon that point, need evidence or findings of
fact to support it on appeal.

APPEAL from the Circuit Court of Cook county; the
Hon. LOCKWOOD HONORE, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

DAVID G. ROBERTSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed her bill November 18, 1903, in the circuit
court of Cook county, alleging that she was the owner and
in possession of a certain lot in South Chicago, and that this
property had been sold at various times for' non-payment of
taxes and tax deeds issued therefor to Jacob Glos; that on
May 29, 1903, Jacob Glos assumed to convey to his wife,
Emma J. Glos, appellant herein, "a portion of his alleged
title," acquired under said tax deeds. On answers filed and

issues joined as to both defendants a hearing was had in open court and decree entered finding that the court had jurisdiction of the parties and the subject matter; that appellee was the owner and in possession of the real estate in question; that the four tax deeds described in the bill of complaint were each of them null and void; that they be canceled and set aside as a cloud upon the title of appellee, and that the defendants, and each of them, be forever barred from asserting or claiming any right, title or interest in said premises and every part thereof. Appeal has been prayed to this court by Emma J. Glos only.

The evidence heard on the trial before the chancellor is not in the record, not having been preserved by a certificate of evidence.

Appellant first insists that the evidence not being in the record and there being no specific finding of facts as to her title in the decree, said decree cannot be sustained as against her, even though it does find that all the material allegations of the bill are true. (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301; *Timke* v. *Allen,* 225 id. 402.) No point is made in the briefs of appellant that the finding of facts in the decree as to the tax deeds to Jacob Glos was not sufficient to sustain the decree as against his interest,—in other words, the invalidity of the tax deeds to Jacob Glos is not questioned by appellant. It appears from the face of the pleadings that the title of Emma J. Glos is based entirely upon such tax deeds. The tax deeds being void, the deed from Jacob Glos to Emma J. Glos conveyed nothing. *McCraney* v. *Glos,* 222 Ill. 628.

The decree found that all the money for taxes, assessments, interest and costs paid by Jacob Glos on this property should be refunded to him; that this amount was tendered to and accepted by Jacob Glos and that the decree was satisfied in full, and it is urged that this was error, in that the decree failed to require payment to Emma J. Glos

of the portion of the money to which she was entitled under her deed. The tax deeds being invalid, the deed from Jacob Glos to Emma J. Glos conveyed no title as against appellee, but as between the grantor and grantee it operated as an assignment of the grantor's rights and interests to the extent of the quantity of the interest conveyed, and entitled the grantee, Emma J. Glos, to receive a like portion of the amount required to be refunded by the complainant upon the setting aside of the tax deeds. (*Glos* v. *Mulcahy*, 210 Ill. 639; *Glos* v. *Cass*, 230 id. 641.) The bill alleges that Jacob Glos conveyed "a portion of his alleged title" to Emma J. Glos, but there is nothing in the record to show what such portion was. The decree might have provided for a division of the money between Jacob Glos and Emma J. Glos in the proportion of their respective interests, but it was incumbent upon appellant, Emma J. Glos, to show what her interest was under her deed. Where a decree is entered granting affirmative relief, the rule is that the decree must be justified, either by the facts which it specifically finds or by evidence appearing in the record, (*Patterson* v. *Northern Trust Co.* 230 Ill. 334,) but if no evidence was introduced by appellant showing her exact interest the decree as entered by the court was a proper one. It is supported by the absence of any evidence, since that is the proper decree in case there was no evidence as to her interest. (*First Nat. Bank* v. *Baker*, 161 Ill. 281.) Appellee's position is very similar to that of one in whose favor a decree has been entered dismissing a bill. Appellee did not need any evidence to support her contention on this point.

The decree of the circuit court is affirmed.

*Decree affirmed.*