### William Riemensnider, Appellee, v. Elmer Riemensnider, Trustee, et al., Appellants.

### Gen. No. 5,712.

1. APPEALS AND ERRORS—*when no presumption that court heard evidence sufficient to sustain decree.* Where a decree grants affirmative relief, if the successful party does not preserve the evidence that will sustain such decree and it does not find facts proven which will sustain it, no presumption will be entertained on appeal that the court heard evidence not appearing in the record sufficient to sustain it.

2. EVIDENCE—*offer of proof containing both competent and incompetent matter.* In a suit to declare a trust deed void, an offer to prove various facts is properly refused where competent and incompetent matters are offered together.

3. TRUSTS—*validity of.* Persons who are beneficiaries under a trust deed are entitled to have it treated as valid until it is set aside after a hearing on the merits.

4. TRUSTS—*not set aside because grantor wishes to revoke it.* If a trust deed was made under such circumstances that it was originally valid, the fact that the grantor afterwards changes his mind and wishes to revoke it, furnishes no reason for setting it aside.

5. TRUSTS—*creditors of beneficiaries.* Property conveyed by a trust deed whereby the grantor provides that a certain portion of the net income shall be devoted to his support, is not subject to his after created debts, while such deed stands, other than for his suitable clothing and maintenance which are payable only out of the net income.

6. TRUSTS—*when trustee may appeal from order in suit to set*

*aside trust deed.* The trustee to whom certain property is conveyed has a right to appeal from an order entered in a suit by the grantor to declare the trust deed void where the order directs him to pay various sums regardless of the provisions of the deed, only one of the creditors provided for thereby is a party to the bill, and it does not appear that the court had jurisdiction of a minor who is a beneficiary.

7. INFANTS—*jurisdiction of minor defendant.* When no process is served on a minor defendant, the court cannot acquire jurisdiction of his person and property by appointing a guardian *ad litem* for him.

8. INFANTS—*when minor not bound by order.* Where it does not appear that the court had jurisdiction of a minor defendant, though a guardian *ad litem* was appointed who answered in a suit to declare a trust deed void under which such minor is a beneficiary, the minor is not bound by an order directing the trustee to pay out certain sums in a manner not prescribed by the deed.

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed. Opinion filed March 12, 1913.

L. B. OLMSTEAD and BUTTERS & ARMSTRONG, for appellants.

WILLIAM M. MERCER and GEORGE M. BAGBY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On October 11, 1911, William Riemensnider was the father of Elmer, Harvey and Eva Riemensnider and Anna Miller, and was the husband of Catherine Riemensnider, whom he had married about one month before and against whom he either had filed or was about to file a bill for divorce, and he was the owner of a large amount of real estate, situated in the counties of DeKalb and La Salle, and of considerable personal property, and was some in debt. On that day he and his wife, Catherine, conveyed said real estate and his personal property by warranty deed to his son Elmer as trustee. The deed described the real estate specifically and described the personal property, part

specifically and part in general terms, and it recited that William was indebted to sundry parties in the sum of $10,000 and that he wished by that conveyance to make a settlement of his estate in such a manner that said debts might be paid and a provision be made for his said wife and for his minor daughter, Eva, and that the remainder might be divided in accordance with the provisions of that instrument. It required the trustee to pay the debts of William Riemensnider; to educate, support and maintain his daughter, Eva, then ten years old, till she became eighteen years of age; and to pay his wife $1,250 within ten days, and to deliver to her the chattels and furniture in her possession in the City of Aurora and also a certain automobile; and for these purposes it authorized the trustee to sell and convey or incumber the real and personal estate, except the part to be delivered to his wife. It provided that after the payment of the debts and the provision for Eva and for his wife, the trustee should hold the residue of the property and pay so much of the net income thereof to said William Riemensnider as might be necessary to properly and suitably clothe, keep and maintain him during the remainder of his life, less the necessary expenses for carrying out the provisions of that instrument. It then provided that after the death of William Riemensnider, the property, real and personal, remaining in the hands of the trustee, should go to said four children in equal parts. This deed was duly recorded. On the same day that the deed was executed William Riemensnider filed a bill for divorce against his wife in the city of Aurora, and three days later he obtained a decree of divorce in that court, the validity or collusive character of which divorce is not before us.

On January 9, 1912, William Riemensnider filed a bill in equity in the Circuit Court of La Salle county against his said children and his said former wife, Catherine, to which bill the Farmers' State Bank of Somonauk was afterwards made a defendant by sup-

plemental bill; and by this suit the complainant sought to have said trust deed declared null and void, and to have the complainant restored to the custody, possession and control of the property which he had thereby conveyed. The grounds alleged for setting aside the deed were that he executed it through fraud, mistake, misunderstanding and imposition; that it was preceded by serious quarrels between himself and his wife and her sister; that when he signed it, he was enduring great mental stress and physical debility, caused by domestic quarrelling, the immoderate use of stimulants, and fear of bodily injury; that he did not read the instrument and did not comprehend its meaning and was assured by the grantee and others that the object was to protect his property and secure it to him and his children, and that when his family trouble was over the property would be reconveyed to him; and he also alleged that this instrument was without consideration and was against public policy and was contrary to the statutes of Illinois, and that the instrument was contradictory and meaningless. Catherine Riemensnider was defaulted, a guardian *ad litem* was appointed for Eva, the minor defendant, who filed a formal answer, and all the other defendants answered at length denying most of the material allegations of the bill. The cause was referred to a master to take and report proofs. Thereafter, on April 17, 1912, complainant filed a petition and afterwards an amended motion and, after a hearing thereof, the court entered an order on May 9, 1912, that the trustee within thirty days pay to solicitors for petitioner $250 as fees and expenses, and pay to the complainant in person $50 on the first and fifteenth of each month thereafter till the further order of the court. From that order the trustee perfected an appeal to this court.

Appellee, William Riemensnider, contends that as there is no certificate of evidence in the record the order must be affirmed. There is language in Highley

v. Deane, 168 Ill. 266, which, standing alone, would support that contention, but an examination of the entire case seems to show that there was a finding of facts in the decree; but if not, its authority must yield to later decisions. The rule at law is as contended for by said appellee; but in equity, where a decree grants affirmative relief, the party in whose favor it is rendered must preserve the evidence that will sustain the decree or the decree itself must find facts proven which will sustain it. If this is not done, no presumption will be entertained that the court heard evidence not appearing in the record sufficient to sustain the decree. Ryan v. Sanford, 133 Ill. 291; First Nat. Bank of Chicago v. Baker, 161 Ill. 281; Davis Paint Mfg. Co. v. Metzger Linseed Oil Co., 188 Ill. 295; Standish v. Musgrove, 223 Ill. 500; Patterson v. Northern Trust Co., 230 Ill. 334; Warden v. Glos, 236 Ill. 511, to which citations many other cases might be added. The order appealed from, signed by the trial judge, is preceded by a colloquy between court and counsel and by various offers by the solicitor for appellant to prove various facts. While this offer contained some matters which, if offered alone, should have been received, it also contained many other matters not competent, and the competent and the incompetent being offered together, they were rightly refused. Jones on Evidence (2nd Ed.) sec. 864; Cressey v. Kimmel, 78 Ill. App. 27; Zinser v. Sanitary District, 175 Ill. App. 9. But this recital preceding the order signed by the judge, contains no evidence or finding of facts which will support this order, and, outside of it, there is no certificate of evidence showing any proof justifying the order, and the order does not find the facts.

Counsel for William Riemensnider argue the case as if the property described in the deed is his property, of the use of which he is being wrongfully deprived. It may be that when the case is tried upon the merits it will appear that the deed should be set aside for fraud or for the lack of mental capacity in

the grantor to make it.  At the present time, however, it stands as a valid instrument and, until it is set aside after a hearing upon the merits, all the persons who are beneficiaries thereunder are entitled to have it treated as valid.  The fact that the grantor in a settlement of this kind afterwards changes his mind and wishes to revoke the instrument furnishes no reason for setting it aside, if it has been made under such circumstances that it was originally valid.  By the language of the instrument, after certain other matters have been attended to, complainant is to have his suitable support out of the balance of the net income. It appears from the pleadings that the trustee has been paying complainant sums of money for his support, and it does not appear from the record that the trustee has paid him an insufficient sum or has failed to pay him all that is available for that purpose.  The order did not find that these solicitors were creditors of complainant at the date of the deed, but the allowance was apparently intended to pay them for services. rendered and to be rendered after the execution of the deed.  We are not called upon to decide what order should be made on a proper showing that the net income is not being devoted to the support of complainant as provided in the deed, or that at the date of the deed he was indebted to his solicitors in a given sum, and that there are sufficient funds available to pay them as well as the other creditors secured by the deed.  But the seeking of such relief would be in affirmance of the deed, whereas the purpose of the bill of complaint is to set aside the deed.  Obviously while this deed stands this property is not subject to debts afterwards created by the grantor, other than for his suitable clothing and maintenance; and such clothing and maintenance are payable only out of the net income.  If the grantor is permitted to make his subsequent debts a charge upon this property he can entirely defeat the instrument and dissipate the estate by

indirection, even though it shall afterwards turn out upon the final hearing to be a valid instrument and a valid settlement of his property for the benefit of his family.

Complainant contends that the trustee had no right to prosecute this appeal. The cases relied upon to support that contention are where a bill was filed to enforce a trust and the court had appointed the trustee or was giving him directions pursuant to the trust. Here complainant is seeking to defeat the trust entirely. Elmer Riemensnider, having accepted the trust, is now trustee, not only for his father but also for his brother and his sisters and himself and for the creditors, and the court was directing him to pay out various sums of money regardless of the order prescribed by the trust deed. Under that instrument, for instance, the father seems not to be entitled to anything for his support until the minor, Eva, is provided for, and this order did not find, nor does the record show, that the sums named could be withdrawn from the income without emperiling her prior right to support and education. We are of opinion that in a case of this kind, brought, not to enforce a trust but to destroy it, the trustee ought to be permitted to appeal. Moreover, only one of the creditors is a party to the bill. The trustee must protect those creditors who are not parties, and he has a right to appeal to protect the rights of the minor.

There is another reason why this order cannot stand. Eva, the minor, has an important interest in this trust estate and was named as a defendant to the bill and a guardian *ad litem* was appointed for her, who answered. But, though the record is certified to be complete, we do not find that any summons was ever issued for her or ever served upon her, nor is there any order of court finding service upon her. A court cannot acquire jurisdiction of the person and property of a minor defendant by appointing a guardian *ad litem* for such minor, when no process has been

216     APPELLATE COURTS OF ILLINOIS.

Lichter v. Aurora, Elgin & Chicago R. Co., 179 Ill. App. 216.

served upon such minor defendant. Clark v. Thompson, 47 Ill. 25; Campbell v. Campbell, 63 Ill. 462; Campbell v. Campbell, 63 Ill. 502; Chambers v. Jones. 72 Ill. 275; Manternach v. Studt, 230 Ill. 356. No jurisdiction of this minor is shown by the record before us, and she is not bound by this order, and in another proceeding she could compel the trustee to provide for her support and education regardless of this order. This is another reason why the trustee could appeal, and why the order is erroneous.

The order is therefore reversed.

*Reversed.*