## PETER BEILMAN *vs.* EDWIN W. POE, STUART S. JANNEY AND ERNEST J. CLARK, RECEIVERS.

*Receivers: appeals; when may take——. Appeals: final decrees and orders only; discretionary matters. Costs on appeal. Record.*

An appeal will not lie from an order or decree that is not final in its nature and which denies no right. p. 446

Nor can there be an appeal from an order or decree as to matter that lies within the discretion of the Court. p. 446

But whether the subject-matter of the order or decree was within the discretion of the Court which passed it, is open to examination on an appeal in the case. p. 446

An appeal will not lie from an order of Court allowing a receiver to take an appeal. p. 446

Nor will an appeal lie from an order overruling a demurrer to a petition of a receiver asking permission to be allowed to take an appeal. p. 446

A receiver or conventional trustee may appeal where the order complained of affects his commissions, where he is interested as a creditor of the fund, and where the increase or diminution of the whole fund in his hands is involved, if such increase or diminution affects all the creditors. p. 447

But a receiver has no right to appeal from a decree merely declaring the respective equities of the parties; to such questions the receiver should be neutral. p. 447

A party can not be heard to complain about the size of the record when most of the voluminous documents contained therein, that were not essential, were inserted by order of his solicitor. p. 449

Where an appeal is attempted to be taken from an order or decree that is non-appealable, the whole costs are generally imposed upon the appellant. p. 449

But when from all the circumstances of the case it would seem inequitable, the costs may be divided. p. 449

*Decided April 10th, 1913.*

Appeal from the Circuit Court for Baltimore City (HEUISLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*J. Wallace Bryan* and *J. Southgate Lemmon* (with a brief by *Lemmon* and *Clotworthy*), for the appellant.

*George R. Gaither, Ritchie & Janney* and *W. Howard Hamilton,* filed a brief for the appellees.

(The Court declined to hear the attorneys for the appellee.)

STOCKBRIDGE, J., delivered the opinion of the Court.

As was intimated at the hearing of this case, the appeal presented by the present record will have to be dismissed.

The orders involved are two in number, but the question raised is the same in each instance. It arises in the following manner: In August, 1907, the firm, of which the appellant was a member, brought suit in New York against the United Surety Company for a balance claimed to be due the plaintiffs as agents of the Surety Company. The suit was defended by the company, which claimed a balance as due

it of $5,686.88, and the litigation was still pending and undetermined when receivers were appointed for the Surety Company. This proceeding culminated in November, 1911, in the entry of a judgment in favor of the plaintiffs in that suit for $11,167.09, and from that judgment the receivers appointed by the Circuit Court of Baltimore City asked the permission of the Court to appeal. Thereupon the present appellant demurred, and the order of December 17th, 1912, overruling his demurrer is the first of the orders appealed from as presented in this record. His demurrer having been overruled, Beilman answered the petition, setting up substantially the same facts as those relied on in support of his demurrer, and the final order of December 30th, 1912, authorizing an appeal to be taken by the receivers from the judgment rendered against the company in New York, is the second of the orders presented by this record.

From this brief recital it will be apparent that neither order was determinative of any right of the parties, nor was it a final order or order in the nature of a final order within the meaning of the Code (1912), Article 5, section 26; nor was either order among the appealable orders specially provided for in other sections of the same article.

In *Gottschalk* v. *Mercantile Trust Co.,* 102 Md. 522, it was said: "It is not necessary at this late date to cite authorities in support of the well-settled doctrine that an appeal will not lie from an order or decree passed in the exercise of an undoubted discretion of the lower Court; but the question whether the subject-matter of the order or decree was within the area of the discretion of the Court which passed it, is open to examination upon an appeal in the same case, for a Court cannot improvidently extend the exercise of its discretion to matters which lie beyond its legitimate reach."

And to the same effect is the decision in *Emory* v. *Faith,* 113 Md. 256.

The only question proper to be considered, therefore, is whether the matter involved was within the discretion of the

Circuit Court of Baltimore City. That precise question was before this Court in the comparatively recent case of *Knabe* v. *Johnson,* 107 Md. 616, and in the opinion delivered by Judge Pearce he cites and adopts as applicable to a receiver the language of Judge Miller in *Frey* v. *Shrewsbury Savings Institution,* 58 Md. 151: "A conventional trustee * * * has the right to appeal, where the order complained of affects his commissions, where he is interested as creditor in the fund to be distributed; and where the question of the increase or diminution of the whole fund in his hands is involved, and which increase or diminution inures to the benefit or loss of all the creditors"; and again quoting from and adopting the language of the Court in *Bosworth* v. *Terminal Asso.,* 80 Fed. 969: "The true line of demarcation we think to be this: He has the right of appeal with respect to any claim asserted by or against the estate, for therein he is the representative of the entire estate. He has the right of appeal from any decree which affects his personal right, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit. He should therein be indifferent and not a partisan. His duty is to all parties in common. He should not become the advocate of one against another."

In the present case we find a judgment rendered against the Surety Company for $11,167.09 in a suit in which the company sought to have a claim established in its favor for the sum of $5,686.88, and counsel familiar with the case advising an appeal. This was clearly a case where the question of the increase or diminution of the whole fund was involved, and as such the question whether or not an appeal should be prosecuted was one peculiarly in the discretion of the Circuit Court, and the appeal now before this Court can not be sustained.

The appellant further insists that there should be a modification of the order of the Circuit Court of December 30th, 1912, upon the theory that he is not given the protection to

which he is entitled under an order to be passed in pursuance of an opinion of this Court, filed on February 21st of the present year. (*United States* v. *Poe et al., Receivers, ante* page 89.) The order of December 30th referred to, authorized and directed the receivers to take an appeal from the judgment which had been rendered against the Company, and to pay the costs of such appeal. That was the full extent and effect of that order. There was nothing in the order of December 30th in any way relating to the distribution of assets in the hands of the receivers, or the reservation of a portion of those assets to pay any particular claim or form the basis for a distribution among certain creditors or classes of creditors; nor is there anything in the record to indicate that any such question was brought to the attention of the Court below by the appellant or his counsel, or that it was considered or passed on by the Circuit Court of Baltimore City.

These questions were raised in the appeal of the United States against these receivers, and passed upon in the opinion rendered February 21st. That case was remanded, to the end that the Circuit Court might, by appropriate order, direct the auditor as to the statement of his account, making proper reservations for certain classes of claims, and a distribution in whole or in part among another class of creditors. The present suggestion of the appellant must rest upon the assumption that the Circuit Court will not make a proper provision for his claim in its order to be passed, and he makes this before he has asked the Circuit Court to give him such protection. Such an assumption this Court has no ground for adopting. If it assumes anything, it must be that the Circuit Court knows perfectly well the legal status of a claim reduced to judgment, and with regard to which an eppeal has been taken, and will not permit the rights of the judgment creditor to be prejudiced because of the pendency of an appeal.

The appellant also seeks to have the burden of the costs of this appeal thrown on the general fund or held in abeyance

till the final determination of the appeal in New York.  He likewise complains of the size and expense of the record.  It is perfectly true that some of the rather voluminous papers relating to the proceedings in New York were not essential to a proper presentation of the case, yet they were apparently introduced into the proceedings because of the objection on the part of the appellant, in support of his demurrer, that the application of the receivers for leave to appeal was not sufficiently full, and in which the Circuit Court concurred with the objection, and they were then inserted in the record in this Court by the order of the solicitors of the appellant. Under such circumstances the appellant has no standing to object to the size or cost of the record.  There is one ground, and one only, upon which he can properly claim to be relieved from any portion of the costs of this appeal.  As already stated the orders from which the present appeal was attempted to be taken were unappealable.  As such, ordinarily, it is proper to impose the costs upon the party taking a futile appeal.  But at the time when this appeal was taken and the record transmitted, the case of the *United States* v. *Poe et al., Receivers,* had not been decided, and it was impossible for Beilman, or his solicitors to know how far they might be prejudiced by the order which came up for review in that case.  This fact entitles the appellant to some equitable consideration, and after a careful review of all the circumstances it seems equitable that the costs of the present appeal should be divided, each party to pay his own costs.

> *Appeal dismissed; the appellant to pay his own costs of this appeal; those of the appellees to be paid out of the funds in their hands.*