(84 South. 755)

FOURTH NAT. BANK OF MONTGOMERY et al. v. KELLY.    (3 Div. 380.)

(Supreme Court of Alabama.    Dec. 18, 1919.)

1. APPEAL AND ERROR ⬪══150(1)—ONE HAVING NO INTEREST IN THE SUBJECT-MATTER NOT ENTITLED TO APPEAL.

On appeal in proceeding by a bondholder to recover insurance premiums paid out of the proceeds of sale under a trust deed, the purchaser of the trust property at the foreclosure sale held to have no interest in the subject-matter sufficient to support the appeal.

2. APPEAL AND ERROR ⬪══150(1)—BONDHOLDER FAILING TO FILE STATEMENT OF CLAIM HAS NOT SUFFICIENT INTEREST TO APPEAL.

On appeal from an allowance to bondholder for insurance premiums paid in foreclosure sale under a trust deed, an intervener who has not preserved it by filing his claim with the register as required by decree of court held not to have sufficient interest to entitle him to appeal.

3. APPEAL AND ERROR ⬪══150(3) — TRUSTEE HELD ENTITLED TO APPEAL FROM ALLOWANCE OF CLAIMS RESULTING IN LOSS TO CREDITORS.

In a proceeding for the allowance of insurance premiums paid by a bondholder from proceeds of sale under a trust deed, the trustee who represents the interests of the cestuis que trustent may rightfully appeal in his representative capacity where the increase or diminution of the whole fund is involved, and such increase or diminution would inure to the benefit or loss of all the creditors.

4. APPEAL AND ERROR ⬪══150(3) — RECEIVER WITHOUT AUTHORITY HELD NOT ENTITLED TO APPEAL FROM JUDGMENT AFFECTING CORPORATION.

In a proceeding by bondholder for allowance on insurance premiums paid from proceeds of foreclosure sale under trust deed, the receivers of the trustee bank held not entitled to appeal in the absence of a showing of authority or that they were prejudiced by the judgment appealed from.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Suit by J. W. Kelly against the Fourth National Bank of Montgomery and others, wherein F. D. Kirvin intervened. Decree for plaintiff, and intervener and defendants appeal. Appeal dismissed.

The appeal is from a decree upon the petition of J. W. Kelly, as a bondholder under a deed of trust, to be allowed compensation out of the proceeds of the foreclosure sale of the property for fire and tornado insurance premiums alleged to have been paid by him during the years 1915 and 1916 for the protection and common benefit of himself and the other bondholders, pending the execution of the trust.    Kelly's petition is ancillary to the original proceedings instituted by the trustee, the Montgomery Bank & Trust Company, for the foreclosure of said deed of trust against the grantor therein, the Planters' Cotton Oil Company, for the satisfaction of its bonds in amount $100,000.    The petition alleges that Kelly owns $4,500 of the bonds as shown by his statement and claim filed as required by the decree of date November 6, 1917; that the deed of trust requires that the Planters' Cotton Oil Company shall keep said property insured for as much as can be reasonably carried thereon, with loss payable to said trustee as its interest may appear in said property, and further, if said Planters' Cotton Oil Company shall fail to provide such insurance, then the trustee may do so, and the Planters' Cotton Oil Company must repay the trustee the amount so paid out by it within 30 days after demand therefor, with interest, for which the trustee shall have a first lien on all the property covered thereby.    The petition

further alleges that in the years 1915 and 1916 said Planters' Cotton Oil Company was without funds and unable to pay premiums for insurance to protect said property against fire and tornadoes, and that petitioner so informed the trustee, who in turn likewise informed petitioner that it had no funds to pay for such insurance. Whereupon petitioner to protect himself and the other bondholders took out in each of said years an insurance on said property for $53,000 against fire and $15,000 against tornadoes besides some smaller amounts on other items of said property, the premiums for which aggregated $2,325.10, less his commission as insurance agent. The petitioner paid these premiums on the several policies, which were made payable to the Montgomery Bank & Trust Company as trustee, and without which said property would have been unprotected. The petition concludes by praying that petitioner be reimbursed for the sum thus paid out by him out of the proceeds of the sale of the said property ordered to be sold under the decree of foreclosure entered in this case.

One F. D. Kirvin, alleging that he was a bondholder whose claim had been duly filed, intervened and objected to the allowance of petitioner's claim, denying its validity, and denying the allegation of the petition, as did also the trustee, and both Kirvin and the trustee filed a demurrer to the petition setting up numerous grounds. The demurrer was overruled, and the petition was heard on pleadings and proofs. And a decree was rendered giving petitioner's claim priority over the claim of bondholders and ordering his payment out of the proceeds of the trust sales.

The appeal is taken by Kirvin, the Fourth National Bank of Montgomery, and by T. J. Reynolds and C. B. Brown, as receivers of the Montgomery Bank & Trust Company.

Steiner, Crum & Weil, G. F. Mertins, and Ball & Beckwith, all of Montgomery, for appellant. Insurance premiums, when not a lien by statute, are not entitled to priority in favor of one paying them for the company as against bondholders. 89 S. E. 195; 3 Fletcher, Cyc. Corp. 2417.

John R. Tyson, of Montgomery, for appellee. The parties appealing have not been injured by the decree, and can therefore take nothing by their appeal. 6 Ala. 166; 18 Ala. 34.

SOMERVILLE, J. The point is made by counsel for petitioner that the appeal must be dismissed because it does not appear from the record that any one of the several appellants has any interest in the trust property or its proceeds, which was prejudiced by the order and decree appealed from. An examination of the record constrains us to hold that this contention is well taken.

[1] The Fourth National Bank was the purchaser of the trust property at the foreclosure sale, and obviously has no interest in the subject-matter of this appeal.

[2] Kirvin failed to show, as alleged in his answer contesting the petition, that he had preserved his standing as a bond-holding creditor by filing a statement of his claim with the register, as required by the decree of the court dated November 6, 1917. Hence the record does not show that he had any interest in the trust fund which was injuriously affected by the decree appealed from. And, as the cause in contest was submitted upon his allegation that his claim was duly filed, it cannot be held upon the showings of the record that the appellee waived its proof by Kirvin in the lower court.

[3] The status of the Montgomery Bank & Trust Company as trustee is quite different. As trustee, it represents the interests of the cestuis que trustent, and may rightfully appeal in its representative capacity "in any case in which the question of the increase or diminution of the whole fund is involved, and the increase or diminution would inure to the benefit or loss of all the creditors, although he cannot appeal in a contest of creditors among themselves." 3 Corp. Jur. 656, § 524, citing Riemensnider v. Riemensnider, 179 Ill. App. 209; Frey v. Shrewsbury Sav. Inst., 58 Md. 151; Bielman v. Poe, 120 Md. 444, 88 Atl. 131. See, also, Bockes v. Hathorn, 78 N. Y..222, and Hassall v. Wilcox, 115 U. S. 598, 6 Sup. Ct. 189, 29 L. Ed. 504. Here petitioner's claim for reimbursement out of the proceeds of the trust estate would, if allowed, diminish the corpus of that estate, and injuriously affect the interests of all the cestuis que trustent as such.

[4] But the record does not show an appeal by the bank, as trustee, nor by any one authorized to represent it in that capacity. What it does show is an appeal by T. J. Reynolds and C. B. Brown, as receivers of the Montgomery Bank & Trust Company. There is nothing to show the source or extent of their authority, nor does it appear that they have intervened or been substituted as parties to the cause in any proper way. 3 Corp. Jur. 639, § 500. And, even if authorized to prosecute an appeal in lieu of the bank to protect the assets of the bank, it does not appear that they have been clothed with the power and authority of the bank as trustee in this particular matter, nor, indeed, in any other.

It might be plausibly urged that the bank is personally interested in the trust fund to the extent of its compensation, and that the receivers may properly prosecute this appeal for the protection of its rights in that behalf. But it does not appear that the allowance of petitioner's claim of $2,235.25 out of the $12,-000 of the proceeds of the trust sale can prejudice the trustee's allowance for compen-

sation, but rather does the contrary affirmatively appear.

Receivers, like other persons, can take nothing by an appeal, unless they show that they are prejudiced by the judgment appealed from. Broughton v. Shivers, 152 Ala. 368, 44 South. 469; 3 Corp. Jur. 653, § 522; Id. 616, § 466.

It results that the assignments of error are not, as to these parties appellant, subject to review, and the appeal must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.