In the Matter of the Estate of ISAAC BAWDEN, Deceased.

Surrogate's Court, New York County, December 12, 1929.

---

* Amd. by Laws of 1929, chap. 229.— [REP.

*Murray, Aldrich & Webb,* for the petitioner.

*George R. Miner,* for Clifton Stanton, individually and as executor, etc.

*Thomas E. Murray, Jr.,* special guardian.

FOLEY, S. In this accounting proceeding the court is asked to construe paragraph 3 of testator's will, which created a trust during the life of his daughter, Frances E. Bawden. The life tenant having died, the question presented has to do with the ascertainment of the persons entitled to share in the distribution of the remainder of the fund, which consists entirely of personal property. Paragraph 3 directs that, on the death of Frances E. Bawden, the principal of the fund is to be divided " equally among my other children or their heirs." One of the other children of testator was George Bawden, who died during the running of the trust term, leaving as one of his heirs and next of kin Lorena B. Stanton. She also died before the termination of the trust, leaving her surviving a husband and three children. The husband contends that distribution of Lorena's share should be made to him as the executor of her will. On the other hand, the special guardian contends that Lorena's share in the remainder should be paid directly to her three children, and that the husband has no interest therein, either individually or as executor. The latter contention is correct. The remainder interest which would have vested in George Bawden had he survived the life tenant vested on the termination of the trust in *his* heirs. The remainder was clearly contingent, and only those persons answering the description of " heirs " and surviving at the end of the trust were to take. Under the provisions of the will, the husband of Lorena cannot be considered an heir of George. The three children of Lorena take as remaindermen under the will through their grandfather, George. The word " heirs " was clearly used by the testator as a word of substitution and as synonymous with the term " next of kin." It describes the class of remaindermen with respect to George's share as those who would take the personalty under the Statute of Distribution. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Evans,* 234 id. 42, 46.)

I hold, therefore, that Clifton Stanton, the husband of Lorena, has no interest in the distribution about to be made. The shares are directly payable to the three children of Lorena. Submit deecre on notice, construing the will and settling the account accordingly.