In the Matter of the Estate of CHARLES F. BOUND, Deceased.

Surrogate's Court, New York County, May 29, 1939.

*Ellery O. Anderson*, for the United States Trust Company, Petitioner.

*Larkin, Rathbone & Perry* [*Albert Stickney & Franklin Benkard* of counsel], for Josephine R. Orr, Alva Root Bound, Charles Fiske Bound, Aymar Embury, 2d, and Josephine Bound Embury.

*Theodore E. Larson*, for Helen E. Bulkley and Erastus B. Bulkley and as executor, etc., of Louis F. Bound, deceased.

*Charles F. Evans*, special guardian for Aida De Alva Bound, Infant.

FOLEY, S.   This is a trustee's accounting in which the construction of the will is sought.   The testator died on July 24, 1924, and was survived by his widow and four children.   Under the terms of his will he created a trust of two-fifths of his residuary estate for the benefit of his widow during her life or until her remarriage.

Upon her death or remarriage, the will directs that the principal of the trust shall continue to be held as part of the residuary estate " and that the income and principal of such fund shall be disposed of as hereinafter provided for the remaining income and principal of my estate (except that the proper share of said principal shall only be held in trust for the life of each child then living, and shall then be divided as hereinafter provided)." The will then provided for the creation of two trusts each of one-quarter of the remaining property. Each of the two children of the testator by his first marriage was made the life tenant. On the death of each child the remainder of each trust was given to issue in equal shares. The will than provided that in default of issue the income should continue to be paid to the surviving child for life with the remainder to the issue of the survivor and in default of issue " then I direct that the principal be disposed of according to the laws of inheritance and distribution of the State of New York."

The remaining trust provisions are not pertinent to the question of construction. The testator's widow remarried on January 18, 1929, and thereafter all of the income was distributed among the four children of the testator. Louis F. Bound, one of the children of the testator by his first marriage and a life tenant of a trust of one-quarter of the residuary estate died on February 24, 1937. The testator's widow is still living.

The questions presented for determination relate to distribution of the remainder of the trust of which Louis F. Bound was the life tenant and particularly to that portion of the trust for his benefit which was originally held for the benefit of the testator's widow until her remarriage.

(1) The first question concerns the validity or invalidity of the provisions of the will in relation to that part of the trust which has passed through the trust for the widow and the trust for Louis F. Bound. It is contended that under the provisions of the will the testator has created a trust of this portion of the fund to continue for three successive lives, (1) the life of his widow, (2) the life of his son. Louis, now deceased and (3) the life of his daughter Helen, Louis having died without issue. As the remainder limited upon the life of the daughter Helen is contingent, those arguing for invalidity assert that intestacy results. That contention is overruled. The surrogate finds that the testator and the draftsman of the will anticipated the events which have occurred and have avoided invalidity in the undue postponement of vesting by the specific mandate in the will that no portion of the property held in trust for the widow was to continue in trust for longer than an additional life. This mandate is found in the direction providing

for distribution of the widow's fund on her death or remarriage among the surviving children and their issue " except that the proper share of said principal shall only be held in trust for the life of each child then living, and shall then be divided as hereinafter provided." These provisions expressly negative a gift of income following the death or remarriage of the widow and the death of any of the children and direct a termination and immediate vesting of the trust on the death of any of the children after the death or remarriage of the widow. At that time the remainder provisions become effective. On the death of the testator's son Louis in 1937 so much of the principal of his trust as was formerly held for the testator's widow became vested in possession. Louis died without issue. For the reasons stated above the alternative provisions for a continuation of the trust do not apply to this portion of the fund. The further alternative gift that the principal be disposed of " according to the laws of inheritance and distribution of the State of New York " is applicable.

(2) The second question presented is whether the direction to distribute under the statute means a distribution to the intestate distributees of the testator or those of the life tenant of the trust. In the absence of qualifying language such a direction by a testator in disposing of his own property must primarily be interpreted as directing a distribution among his own distributees. No words of qualification are found in this will. On the contrary the repetition of this phrase in other provisions excludes any conclusion other than that the distributees of the testator are the class fixed as the ultimate remaindermen. No reported authority in this state upon this point has been disclosed in the research of counsel. In *People* v. *Camp* (236 Ill. 511; 122 N. E. 43) a very similar provision was held to apply to the heirs and next of kin of the testator and not those of the deceased life tenant. I hold therefore that the property freed from the trust on the death of the testator's son is vested in the statutory distributees of the testator.

(3) The third question of construction requires a determination as to whether the remainder was contingent and whether the membership of the class of distributees is to be determined as of the date of death of the testator or as of the date of death of the life tenant. In *Matter of Fishel* (167 Misc. 145; affd., 256 App. Div. 915) the surrogate recently reviewed authorities upon a similar question of construction. There, as here, the primary gift of the remainder was to issue and in default of issue to heirs at law and next of kin. The gift of the remainder to the next of kin was held to be substitutional. As the primary gift to issue was contingent and vesting was postponed for issue, the substitutional gift was

likewise contingent and vesting among the next of kin was postponed until the termination of the trust. (*Salter* v. *Drowne*, 205 N. Y. 204; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 id. 93.) I hold, therefore, that the members of the class entitled to share in the remainder are the statutory distributees of the testator living at the death of the son Louis.

(4) The remaining question concerns the right of the widow of the testator to participate in a distribution of the remainder as one of the statutory distributees. The Court of Appeals in *Matter of Waring* (275 N. Y. 6) held that a gift to " next of kin " or " heirs " did not include a spouse of a deceased blood relative. (See, also, *Matter of Lake*, 170 Misc. 840.) In *Matter of Waring* (*supra*) Judge RIPPEY stated that the terms " next of kin " and " heirs " had a well-defined meaning and were limited to blood relatives.

The testator in the present proceeding, however, did not employ such terms. He directed that " the principal be disposed of according to the laws of inheritance and distribution of the State of New York." That direction comes within the express exception to the rule as noted by Judge RIPPEY in *Matter of Waring* (*supra*) where he stated that the testator " did not say or intend to say that the residue was to be distributed to those who would be entitled to inherit under the Statute of Distribution existing at that time. * * * Had the testator here said merely that the remainder should pass according to the Laws of the State of New York in effect at the time of the death of the son " distribution under the statute would be made.

In the present proceeding the testator has expressly included in the gift of the remainder the entire class of persons whom the statute has defined as distributees. The phrase " next of kin " or the word " heirs " was not used. There is not the slightest indication of an intention to confine the vesting to those of the blood. The testator said in his will " I direct that the principal be disposed of according to the laws of inheritance and distribution of the State of New York." Differently phrased, he said in plain words, let my legal distributees, as of the date I have fixed, take this share of my estate. The court is without power to alter or amend this plain mandate of the will that the statutory class, including his widow, should inherit. The court has no more authority to exclude the widow in this situation than it would have, if the testator had made no disposition whatsoever of the remainder and the property had passed under the statutes of intestacy. In *Matter of Silsby* (229 N. Y. 396), which is cited as authority for a contrary conclusion, the gift to the widow was in lieu of dower " and other interests in the testator's estate." The acceptance of the benefits

under the will by the widow under the conditions imposed by her husband, necessarily, excluded her from any other participation by way of intestacy.

I accordingly hold that the remainder of the share of the trust which vested at the death of Louis F. Bound must be distributed among the widow and the three surviving children of the testator.

No controversy has arisen as to the distribution of the fund originally held in trust for Louis F. Bound which, under the terms of the will, must be continued in trust for the life of his sister, Helen E. Bulkley. These provisions are clearly valid.

Submit decree on notice construing the will and settling the account accordingly.