JAMES A. TROWBRIDGE, JR., et al., as Surviving Trustees under Certain Indentures, Plaintiffs, *v.* FIRST-STAMFORD NATIONAL BANK AND TRUST COMPANY OF STAMFORD, CONNECTICUT, as Administrator of the Estate of GARDINER TROWBRIDGE, Deceased, et al., Defendants.

JAMES A. TROWBRIDGE, JR., et al., as Surviving Trustees under Certain Indentures, Plaintiffs, *v.* JAMES A. TROWBRIDGE, JR., et al., as Surviving Executors of JENNIE N. TROWBRIDGE, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, August 30, 1943.

*Albert B. Maginnes, W. E. Jackson, Jr.,* and *Henry A. Fenn* for plaintiffs.

*William Dickinson Hart* and *Arthur P. West* for First-Stamford National Bank and Trust Company, of Stamford, Connecticut, as administrator of the estate of Gardiner Trowbridge, deceased, defendant in each action.

*John F. Dooling, Jr., Ruth Dick Cutter* and *Catherine McPolan* for Katharine D. Trowbridge, defendant in each action.

*Chester M. Patterson* for Herbert Marples and Central Hanover Bank and Trust Company, as ancillary executors of William B. Trowbridge, deceased, defendant in second action.

SCHREIBER, J. The Referee has concluded that widows of life beneficiaries of *inter vivos* trusts do not come within the scope of the term " heirs at law " of the life beneficiaries (sons of the settlor). The trusts were established, and the settlor died, before 1929, when the Legislature abolished the distinction between " heirs " and " next of kin." The life beneficiaries died subsequent to the enactment of section 47-c of the Decedent Estate Law (eff. Mar. 28, 1938), which provides as follows: " When used in a statute, in a will or in any other written

instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms ' heirs,' ' heirs at law,' ' next of kin ' and ' distributees ' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law.''

The quoted section is not limited to the function of clarifying chapter 229 of the Laws of 1929, relative to estates. It governs the term '' heirs at law '' in statute, will '' or in any other written instrument prescribing the devolution of property rights ''. A written trust agreement relates to the devolution of property rights and it comes within the purview of the section. (*Matter of Lake,* 170 Misc. 840; *Rogers* v. *Rogers,* 174 Misc. 841, affd. 262 App. Div. 798.)

Prior to the 1929 change in the Decedent Estate Law a widow could not claim inclusion in the term '' heir '' (*Tillman* v. *Davis,* 95 N. Y. 17, 24, 25). Whether the word was used in a will or deed of trust, it had a meaning that was well recognized and that meaning excluded a surviving spouse. (Butler on New York Surrogate Law and Practice, § 1949.)

On the basis of the settlor's intention, it can be assumed that he realized that lines of inheritance may be changed (*Matter of Koch,* 282 N. Y. 462, 465), but it cannot be assumed that he intended that the class of '' heirs '' should be enlarged beyond blood relatives or their statutory equivalent (adopted children). This was indicated in *Matter of Waring* (275 N. Y. 6, 13). *Matter of Koch* (*supra*) determined that a surviving spouse is an '' heir '' under section 47-c of the Decedent Estate Law. It related, however, to a case where testatrix died subsequent to its enactment, although the will was executed prior thereto. This is not inconsistent with the view that a settlor's intent cannot be deemed to embrace a widow, because the *Koch* case was predicated upon the ambulatory character of a will (*Matter of Goldberg,* 275 N. Y. 186, 192), while an *inter vivos* trust speaks as of the day of its execution and delivery.

It follows, therefore, that whether the widows of the life beneficiaries are entitled to share as '' heirs at law '' depends upon whether section 47-c of the Decedent Estate Law is applicable to the present situation. I am of the opinion that the section is not controlling herein because it cannot be given a retroactive effect (*Matter of Wolf,* 284 N. Y. 644). It must be limited to *inter vivos* trusts, created after its enactment on March 28, 1938 (*Matter of Lake,* 170 Misc. 840, *supra; Rogers*

v. *Rogers,* 174 Misc. 841, affd. 262 App. Div. 798, *supra*). While the gift to the " heirs at law " requires that membership of that class be determined by the law in force at the time of the life beneficiary's death (*Matter of Waring,* 275 N. Y. 6, *supra*), the applicable law is the law as it existed before March 28, 1938. (*Matter of Battell,* 286 N. Y. 97.) The presence of the word " then " in that part of the sentence of the trust indentures, which reads " to pay over the principal of such part to the person or persons who may then be the heirs at law of said son, according to the laws of the State of New York ", does not alter the situation. It simply sets forth expressly what would follow as a matter of law (Surrogate WINGATE's opinion in *Matter of Battell,* 173 Misc. 273, 274), that is, that the heirs are determined as of the date of the life beneficiary's death, under the law applicable to the particular instrument.

In the *Waring* case, the Court of Appeals stated, by way of dictum (pp. 13, 14), that " Had the testator here said merely that the remainder should pass according to the laws of the State of New York in effect at the time of the death of the son, distribution under the provisions of section 83, subdivision 4, of the Decedent Estate Law might have been made." This apparent exception to the principal rule enunciated in the *Waring* case warrants analysis of each instrument to the end that it may be determined whether the rule or the exception shall be invoked. In *Matter of Bound* (171 Misc. 591) the will provided: " I direct that the principal be disposed of according to the laws of inheritance and distribution of the State of New York." This would seem to conform with the *Waring* exception and Surrogate FOLEY so held (171 Misc. 591, 595); and when the *Battell* case was before Surrogate WINGATE similar force was given to the language in the will " to * * * pay over the same to such person and persons as are *then* by law the lawful ' *heirs-at-law* ' of such nephew or niece and in such shares and proportions as they would by law inherit (as heirs at law) from such nephew or niece." (Italics and parentheses as in *Matter of Battell,* 173 Misc. 273, at p. 275, *supra.*) An examination of the dissenting opinion in *Matter of Battell* (286 N. Y. 97, 105–108) shows, however, that the Court of Appeals refused to paraphrase and broaden the dictum of the *Waring* case.

The motion to settle the accounts is granted. The Referee's report is confirmed. Fees and allowances will be fixed in the judgment. Submit judgment.