In the Matter of the Accounting of HOWARD I. DOHRMAN, as Successor Trustee under the Will of HALEY FISKE, Deceased.

Surrogate's Court, New York County, March 16, 1949.

*John Patrick Walsh* for successor trustee, petitioner.

*White & Case* for Corn Exchange Bank Trust Company and another, as trustees under the will of Marione C. Fiske, deceased, respondents.

*Kenneth C. Johnson* for Marione V. Johnson, respondent.

*Edward J. Wren* for Katherine F. Burrill and another, respondents.

*Francis R. Curry,* special guardian for Phyllis G. Fiske and others, infants, respondents.

COLLINS, S. In this proceeding for the settlement of the account of the successor trustee, two of the appointees designated by the donee of a testamentary power of appointment have interposed objections which require construction of the residuary clause of the will (Surrogate's Ct. Act, § 40, subd. 8). The exercise of the power in the manner attempted by the donee is challenged upon the theory that she exceeded the authority she derived under the will.

The testator, after making a number of general bequests, directed his trustees to erect trusts of $16,400 for each of two daughters and left the balance of his residuary estate to his wife as legal life tenant with the remainder passing on her death (after payment of specified amounts to other legatees) in equal shares to six named children " or their heirs ". He coupled with the gift to his children a power which he conferred upon his wife to prescribe by her will the terms and conditions upon which the payment of the principal and income of the shares bequeathed to five of the children was to be made. The text of this provision of the will (par. ninth) concerning which dispute has arisen, follows: " I direct that after making the foregoing payments all of the rest, residue and remainder of my Estate shall be divided equally among my children, HELEN FISKE EVANS, ARCHIBALD F. C. FISKE, MARIONE VIRGINIA JOHNSON, HALEY FISKE, 2ND, KATHERINE CUSHMAN FISKE and MARGARET LOIS FISKE, or their heirs, per stirpes. PROVIDED, however, that if my said wife shall deem it wise to provide in her last Will and Testament that the share hereby bequeathed and devised to any child except Helen Fiske Evans, whose share I bequeath to her absolutely, shall be held IN TRUST for the benefit of such child, and not paid over to him or her, then in that case it is my Will that my said wife by her Last Will and Testament shall provide that the share of my Estate bequeathed to such child or children shall be held in trust for her, him or them upon the terms and conditions provided in said Last Will of

my wife. AND I authorize and empower her to appoint a Trustee or Trustees of any such trust or trusts which she may create or make for such child, and to direct the terms and method of payment of the income and principal of the fund bequeathed to such child, and in such case it is my will that the equal part or parts of said rest, residue and remainder bequeathed to such child or children shall not be paid over to him or her, but shall be paid over to such Trustee or Trustees so appointed by my said Wife in her Last Will and Testament, and held by such Trustee or Trustees on the terms and conditions provided in the said Last Will and Testament of my said wife, MARIONE C. FISKE, with the same force and effect as if such trust or trusts had been created or made by me in this my Last Will and Testament.''

Purporting to act in conformity with the authority so conferred, the donee in her own will directed the outright payment of three shares of the residue and then provided in respect of the shares of the objecting appointees and one other, that '' the balance of said residuary estate of my said Husband, being the shares therein given, devised and bequeathed for the benefit of HALEY FISKE, KATHERINE FISKE BURRILL and MARGARET LOIS SPEICHER, shall be transferred and paid over to my son-in-law, KENNETH C. JOHNSON, and CORN EXCHANGE BANK TRUST COMPANY, IN TRUST NEVERTHELESS, to hold one of such shares upon a separate and independent trust for the benefit of each of my said three children and to invest, reinvest and keep the same invested, and to collect, recover and receive the rents, issues interest and income thereof and, after deducting the commissions of the trustees and such expenses in connection with the administration of the trust, as in the opinion of my trustees, are properly payable out of income, to pay over the income from one of said trusts to each of my said three children for and during the term his or her natural life, respectively, and at the death of such child the trust for his or her benefit shall terminate and thereupon I direct my trustees to transfer and pay over the principal of said trust to the issue of such child, per stirpes and not per capita.

'' In the event that any of my said three children shall predecease me, or having survived me shall die without issue, I direct that my said trustees shall transfer and pay over the principal of the trust for such child, or children, to the heirs of such child, per stirpes, absolutely, in accordance with the provisions of the will of my said husband.

" The word ' heirs ' in this Article of my will shall be construed not to include the surviving husband or wife of any such children."

The objectants contend that in attempting to dispose of the remainders of their shares to their issue the donee exceeded the authority she possessed under the will. They concede that she had the right to place their shares in trust for their benefit during their lifetime and to withhold the payment to them directly of part or all of the principal but argue that she had no power whatsoever which could affect the disposition of the property following their deaths.

The arguments opposed to this view are based upon dual foundations. It is urged that in authorizing the donee to prescribe the " terms and conditions " upon which any appointed share was to be held, the testator empowered her to name the person or persons to whom the remainders might pass. The court is not satisfied that the use of the words " terms and conditions ", on which the suggested construction is hinged, enlarges a power to specify the method of payment to a power sufficiently broad to enable the donee to designate the persons who would ultimately take. The will in this respect is quite unlike that considered in *Matter of Kennedy* (279 N. Y. 255) for here no right of selection whatsoever was conferred upon the donee. Nevertheless, if the phrases " terms and conditions " and " terms and method of payment " have the quality claimed for them by the trustees, the court would be constrained to hold that a choice was available and that the donee did possess the right, whatever may have been the wishes of the legatees specifically identified by the testator, to determine to whom the interests would finally pass. To so hold would result in a destruction of a fundamental right enjoyed by the legatees as the owners of the " *income and principal* " bequeathed them by the testator.

It is urged further in support of the exercise of the power by the donee that she did no more than to define the class already identified by the testator in his will. This argument is based upon the fact the residuary estate was left to the six named children " or their heirs, per stirpes ", that the testator died prior to the enactment of section 47-c of the Decedent Estate Law and consequently that the word " heirs " as it appears in the will and the words " heirs " and " issue " as employed by the donee were identical in effect. Extending this interpretation to its only possible conclusion would require

the court to attach to the gifts a condition which is nowhere expressed in the will. It cannot be said of these legacies that an interest in succession was given to the issue of any child for the words " or their heirs, per stirpes " are manifestly words of substitution (*Matter of Evans,* 234 N. Y. 42). The only heirs of children of the testator who could qualify for membership in the class of those named to take were those whose parent failed to survive the donee of the power (*Matter of Fiske,* N. Y. L. J., Oct. 1, 1943, p. 760, col. 4, FOLEY S.). The argument consequently fails because the donee's attempt to limit the remainders to the issue of her appointees was not the equivalent of a bequest in which no interest of any kind was given to such issue.

The court is led to the conclusion that the objectants are correct in their contention and must prevail. Under the will of their father each of them received an interest in fee in the remainder subject to the exercise of the power by the holder of the legal life estate. The donee was given the right should she " deem it wise to provide  *  *  *  that the share  *  *  * [of] any child except Helen Fiske Evans  *  *  *  shall be held In Trust for the benefit of such child  *  *  *  upon the terms and conditions provided in [her] said Last Will *  *  *  to direct the terms and method of payment of the income and principal bequeathed to such child " and authorized to put the funds in trust " with the same force and effect as if such trust or trusts had been created " by the testator. Nowhere did the testator authorize his wife either directly or by implication to select the persons who would share in his bounty. That choice he himself had already made. The text above quoted must be regarded as the most significant in the residuary clause for it indicates that the testator recognized that the income and principal were to be the property of each individual child. The exercise of the power, however, in the manner attempted by the donee is inconsistent with ownership in the children as has already been pointed out, for it would deprive them of the right to exercise that control of their property which attaches as an incident of such ownership.

The testator in his treatment of other trusts under the will evinced more clearly his intention that the disposition of the remainder interests of bequests in trust to his children was a matter for their personal choice. In paragraph ninth of his will he directed that there was first to be carved out of his residuary estate before the establishment of the legal life

estate two trusts of $16,400 each for the benefit of two daughters, one of them a present objectant. In both instances the testator granted to the life tenant a full power of testamentary appointment over the remainder. This direction indicates that the testator had no intention of controlling the ownership of the property following the termination of the life estate. From the fact that he gave no contrary instruction concerning them, it is fair to assume that he was of the same mind in respect of the trusts he authorized his wife to erect from the residuary estate. Even more significant is the fact that the court, if it were to accept the reasoning of the trustees in this connection, would be required to hold that the power of appointment over the remainders was in no way limited and could have been exercised by the donee in favor of anyone whom she chose and not merely in favor of the heirs or issue of her children. Plainly, such a conclusion would be inconsistent with any inference that the primary concern of the testator was to preserve the fund intact for his descendants.

The language of gift must necessarily be interpreted as creating an interest in fee in the remainder vesting in possession in each child surviving the donee. The words " or their heirs, per stirpes ", are plainly substitutional as was suggested earlier (*Matter of Evans,* 234 N. Y. 42, *supra; Matter of Spruce,* 188 Misc. 776). The law of the estate in this respect was established by Mr. Surrogate FOLEY who has previously ruled that " the shares in the remainder of the residuary estate * * * did not vest upon the death of the testator, will not vest until the death of the legal life tenant and will vest in a class to be determined at the time of distribution of said residuary estate." (Decree Nov. 8, 1943; decision, N. Y. L. J., Oct. 1, 1943, p. 760, col. 4.) Each member of the class as finally constituted (except Helen Fiske Evans and the heirs of deceased children) acquired an interest in fee subject to the right of the donee to reduce that estate to an estate in trust for life coupled with an estate in fee in the remainder. Such a combination of interests is perfectly permissible and would not affect the destruction of the secondary trust by merger (*Matter of Wentworth,* 230 N. Y. 176; *Hull* v. *Palmer,* 213 N. Y. 315; *Matter of Lensman,* 137 Misc. 77; 2 A. L. R. 579; 91 A. L. R. 1084, 1085; 138 A. L. R. 1336).

For the reasons stated the court holds that the donee of the power exceeded the authority she possessed under the will. To the extent that she directed that the shares belonging to the

objectants be held in trust for their lives she was acting within the limits fixed by the will but she lacked the right to affect a disposition of the future interests and her attempt to do so must be held invalid. The situation is one which calls for judicial excision with the result that the life estates in trust will be confirmed and the remainders will be held by the appointees free of any restraint, being " descendible, devisable and alienable, in the same manner as an estate in possession ". (Real Property Law, § 59; *Matter of Summerfield,* 172 Misc. 509, FOLEY, S.)

Archibald Fiske, one of the six children of the testator named in paragraph tenth died in 1931 thereby predeceasing the legal life tenant. He was survived by his widow and four adult children. The widow is not a party to this proceeding. The account reflects partial distribution of the Archibald Fiske share among his children to the exclusion of his wife. The propriety of these payments is not challenged on this accounting by formal objection but in their brief the trustees named by the donee argue that if the donee is held to have had no power in respect of the remainders of the objectants' shares, then she also must be held to have lacked authority to direct payment to the issue of Archibald Fiske. This argument begs the fundamental question. There is nothing in the account to show that in making the distribution to the children of Archibald the successor trustee was acting in compliance with authorized instructions of the donee rather than with the mandate of the will. Distribution excluding the widow conformed to testator's wishes; the will was executed on December 18, 1925, and therefore section 47-c of the Decedent Estate Law would have no effect in determining the class composing " heirs " of deceased children of the testator even though the composition of the class could not have been established until the death of the legal life tenant which occurred subsequent to the enactment of that section. (*Matter of Cohn,* 184 Misc. 258, affd. 271 App. Div. 775; *Matter of Lake,* 170 Misc. 840; *Trowbridge* v. *First-Stamford Nat. Bank & Trust Co.,* 182 Misc. 180, affd. *sub nom. Trowbridge* v. *Trowbridge,* 268 App. Div. 768, affd. 294 N. Y. 785).

The trustees designated by the donee object to the commissions claimed by the accountant. The special guardian joins in these objections. It is the contention of the objectants that the accountant although designated as trustee did not actually perform the duties of that office and hence is not entitled to commissions at the statutory rate.

The accountant was named as successor trustee in the will of Haley Fiske. When the executors of the deceased legal life tenant accounted for her acts as such the petitioner brought on an application for his appointment to the office for which he had been nominated by the testator. That application was on notice to the present objectants and they made no objection to the appointment. The decree settling the account of the executors of the legal life tenant directed them to turn over the funds in their possession constituting the residuary estate to " the executors, administrator c. t. a. or trustee duly appointed to further administer and distribute the estate of Haley Fiske." That decree was submitted by the present objectants. Pursuant to its provisions the accountant took possession of the funds, negotiated the sale of large blocks of securities and made distribution of almost the total balance of the estate. It is true that the legal life estate terminated with the death of the widow and that the fund thereupon vested in the remaindermen. However, there was no one then in a position to effect distribution and the appointment of the present accountant was consequently essential.

This situation is substantially identical with that considered in *Matter of Thomas* (254 N. Y. 292). In the *Thomas* case (*supra*) it appeared that a fourth trustee was appointed to office upon the nomination of three others in accordance with the directions of the testator. His appointment was made following the termination of a life estate in part of the fund. He acted with his cotrustees in making division of that portion and joined in accounting for it. Over the objections of his cotrustees he was allowed full commissions, the court stating at page 296: " Regardless of whether or not title to the trust fund remained in the trustees after the death of the life beneficiary, the fund itself was still in their possession as trustees, and they were still required to exercise their power and perform their duty as trustees to divide the trust fund and to pay it over to those entitled thereto, before the administration of their trust was complete."

Failure of the respondents to object to the appointment of the petitioner requires a holding that they are estopped from questioning his right to commissions at this time. In this respect their acquiescence is virtually equivalent to the nomination and appointment made by the trustees in the *Thomas* case (*supra*). Furthermore, as was pointed out in *Deering* v. *Pierce* (149 App. Div. 10, 13), " the death of the life beneficiary does not,

in and of itself, sever the trustee's relation to the fund. He still continues as trustee thereof until the amount of the fund he holds and to whom he shall pay it has been judicially determined. Such determination can only be had after an accounting * * * in a proceeding instituted or an action brought for that purpose".

Submit, on notice, decree settling the account as affected by the rulings herein made, overruling the objections to the allowance of commissions, and sustaining the objections to the exercise of the power of appointment to the extent of directing that the shares of the residuary estate bequeathed to the objectants and to Haley Fiske (being the person designated in the testator's will as Haley Fiske, 2d) shall be held in trust for their benefit for the terms of their respective lives upon the conditions prescribed in the will of the donee with the proviso that the remainder interest in each such share is held outright by the appointee in accordance with the mandate of the will of the donor.