J. Kenneth Servé, S.
In its final accounting proceedings, the accounting trustee has requested a construction and determination as to the meaning and intent of the trust provisions in paragraph Twenty-second of the decedent’s will, which paragraph reads as follows: 11 Twenty-second. In case my estate amounts to more than the sums named in the bequests, the remaining amount is to be divided into eight equal parts. Two parts I give and bequeath to my sister-in-law Mrs. Anna W. Etheridge or her heirs, Two parts to my sister-in-law Mrs. Hattie Etheridge or her heirs, Two parts I give and bequeath to Mrs. Ada S. Rollins or her heirs, One part I give and bequeath to Ida J. Burke. One part I wish placed in care of a Trustee, the interest of which I give and bequeath to Miss M. Jennie Chester and Miss Lottie Chester, as long as both or one shall live, at their decease the sum may be divided equally between the parties named in Twenty-second.” Emma Swan, the testatrix, died October 10, 1904 and her will was admitted to probate in the Orleans County Surrogate’s Court on November 24,1904.
A decree of this court in proceedings for the judicial settlement of the accounts of the executors dated June 1, 1907, determined $10,496.75 to be the amount of the trust fund. An ordqr of the Supreme Court of Orleans County dated June 7, 1907 directed payment of such sum by the executors to Security Trust Company of Rochester, New York, which was appointed therein as trustee of this trust under paragraph Twenty-second of the will. The corpus of the trust in the form of cash in the aforesaid amount was received by the trustee on June 9,1907.
Jennie Chester, one of the income beneficiaries, predeceased the testatrix. Lottie Chester, the remaining income beneficiary, survived the testatrix, and died November 7, 1959,
*880 Anna W. Etheridge survived the testatrix and died intestate in 1917. She was survived by three children, Charles Locke Etheridge, William Swan Etheridge and Emma C. Etheridge. Emma C. Etheridge died intestate in 1936, leaving no issue and no husband. Charles Locke Etheridge died intestate in 1942 and was survived only by a daughter, Prances D. Etheridge, an incompetent, who survived the income beneficiary, Lottie Chester. William Swan Etheridge died intestate in 1955 and was survived only by his wife, Anne Etheridge, and the latter survived Lottie Chester.
Hattie Etheridge survived the testatrix and died on January 1, 1935, and she was survived by a daughter, Fannie E. Grant. In October, 1935 Fannie E. Grant died intestate and was survived by two sons, Clinton F. Grant and Etheridge Grant. Clinton F. Grant predeceased Lottie Chester. He died intestate and without issue in 1958 and his only survivor was his wife, Phyllis Pedigo Grant. The widow, Phyllis Pedigo Grant, survived the income beneficiary, Lottie Chester. Etheridge Grant survived Lottie Chester.
Ada S. Bollins, who became Ada S. Milby, survived the testatrix, but predeceased the income beneficiary, Lottie Chester, and she was survived by two daughters, Helen S. Bollins, now known as Helen B. Fisher, and Emma F. Bollins, now known as Emma B. Stowell. The two daughters of Ada S. Bollins survived Lottie Chester. Ada S. Bollins, in her lifetime, and under the name of Ada S. Milby, assigned her interest in the remainder of the trust to a William Pabst.
Ida J. Burke became Ida B. Bundy and her whereabouts are unknown and no evidence has been offered of her death, and she is presumed to be alive.
As to the bequests in paragraph Twenty-second for Anna W. Etheridge, Hattie Etheridge and Ada S. Bollins, or their respective heirs, in the trust remainder, there are two questions involved:
(1) Did Anna W. Etheridge, Hattie Etheridge, and Ada S. Bollins become indefensibly vested with an interest in the trust remainder when they survived the testatrix, despite the fact that each of the aforesaid persons failed to survive the income beneficiary, Lottie Chester?
(2) If each of the aforesaid named remaindermen did not have an indefeasible interest in the trust remainder by reason of living after the testatrix but by failing to survive Lottie Chester, then, at what time were the heirs of the primary remaindermen to be determined: (a) as of the date of death of the testatrix, (b) as of the date of the death of the named *881 remaindermen, or (c) as of the date of death of the income beneficiary, Lottie Chester.
In all will construction proceedings the efforts of the court are directed toward the discovery of the intention of the testator as it is expressed in the will. Such intention is to be sought in the language of the entire will and not merely in the clause or portion to be construed. When such intent is determined, it is to be carried out unless contrary to public policy or law. In the event the language is ambiguous or unclear, then the canons or rules of construction will be resorted to in ascertaining the intent of the testator at the time he made the will.
The answer to the first question set forth above is to be found in the interpretation of the phrase £ £ or their heirs ’ ’ which was affixed to the respective bequests for Anna W. Etheridge, Hattie Etheridge, and Ada S. Rollins. Do the words ££ or their heirs ” used by the testatrix in paragraph Twenty-second constitute the language of limitation or of substitution and purchase? In reference to personal property, it was said by the court in the Matter of Evans (234 N. Y. 42, 46) “ ‘ the force of the disjunctive word ££ or ” is not easily to be got over’.” The Court of Appeals in the case of Matter of Tamar go (220 N. Y. 225, 229) commented upon the effect of the word ££ or ” and stated ££ In the natural and ordinary meaning of words, a substitutional or alternative gift is expressed by the disjunctive £ or ’ * * * in the absence of the disjunctive, the word £ heirs ’ or the words ‘ heirs and assigns ’ are words of limitation and not of purchase and the gift is absolute.”
It is the determination of this court that the words £ £ or their heirs ”, as used by the testatrix in paragraph Twenty-second in bequeathing equal shares in the remainder of the trust to Mrs. Anna W. Etheridge, Mrs. Hattie Etheridge and Mrs. Ada S. Rollins, following the life estate of Lottie Chester, are words of substitution and purchase with a condition of survivorship annexed and are not words of limitation. (Restatement, Property, § 252; Matter of Bawden, 135 Misc. 614; Matter of Spruce, 114 N. Y. S. 2d 505; Matter of Fiske, 195 Misc. 1017; Matter of Thompson, 279 N. Y. 131; Matter of Evans, supra.) In view of the fact that Anna W. Etheridge, Hattie Etheridge and Ada S. Rollins predeceased the income beneficiary, Lottie Chester, they did not become indefensibly vested with a share in the remainder of the trust. The heirs of each of the aforesaid named remaindermen were substituted and such heirs took their interest in the trust remainder by purchase and not through the said named remaindermen.
*882 Since Anna W. Etheridge, Hattie Etheridge and Ada S. Rollins did not survive the intervening life estate, the alternative gift in favor of their respective heirs takes effect. As to such heirs the question is as to whether or not a condition of survivor-ship is annexed. The answer to this question will determine whether the share of Anna W. Etheridge passes to her granddaughter, Frances D. Etheridge, as her sole heir at the death of the life income beneficiary, Lottie Chester, or whether her share became vested in her three children. If her share became vested in her three children, then such share now belongs one half to the aforesaid Frances D. Etheridge and one half to Anne Etheridge, the surviving spouse of the deceased son, William Swan Etheridge.
The answer to the question will also affect the disposition of the share of Hattie Etheridge. It will determine whether her share passes to her grandson, Etheridge Grant, as her sole heir at the decease of the life tenant, or whether her share became vested in her daughter, who predeceased the life tenant, and belongs one half to the said Etheridge Grant and one half to Phyllis Pedigo Grant, the surviving spouse of her deceased grandson, Clinton F. Grant.
The case of Matter of Bawden (supra) is similar to the instant case. In the Bawclen case the testator provided that on the death of the life tenant, for whom a trust was created, the principal thereof Avas to be divided equally among testator’s “ other children or their heirs.” One of the other children was a son, who died during the running of the trust term, leaving as one of his heirs and next of kin his daughter, who died before the termination of the trust, leaving her surviving a husband and three children. The husband contended that the disposition of his wife’s share should be made to him as the executor of her will. The special guardian for the children claimed that the husband had no interest therein, either individually or as executor. The court held that the contention of the special guardian was correct and that the remainder interest, which would have vested in the son had he survived the life tenant vested on the termination of the trust in his heirs (three children). In arriving at its decision, the court said ‘ ‘ the remainder was clearly contingent and only those persons answering the description of ‘ heirs ’ and surviving at the end of the trust were to take * * * the word 1 heirs ’ was clearly used by the testator as a word of substitution and as synonymous with the term next of kin.”
In the case of Matter of Peterson (28 Misc 2d 268, 269-270) the court set forth general rules of testamentary construction, *883 relative to fixing the date when the heirs or next of kin of a designated person to whom a remainder interest will he given by will or trust. Such rules were defined as follows:
“ (1) the intent of the testator [of a will] or the creator of a trust when indicated will always control;
“ (2) absent such indicated intent and if the remainder is not subject to certain conditions which will be next set forth, the so-called usual construction is applied and the time of the date of death of such designated person is selected;
“ (3) however, where no other intent is indicated and the right to such remainder is contingent, substitutional and secondary, the date of death of the life tenant is held to be decisive.”
In the case at bar the gift of the trust remainder to Anna W. Etheridge, Hattie Etheridge and Ada S. Rollins or their respective heirs was contingent in that the language used by the testatrix indicated that the aforesaid named remaindermen would have to survive not only the testatrix but also the life tenant in order to become indefensibly vested with the share in the trust remainder. Survival was a condition precedent. (Restatement, Property, § 252.) In this respect the gift of a share on the trust remainder to Anna W. Etheridge, Hattie Etheridge and Ada S. Rollins was contingent because unless survival of the life tenant was accomplished such persons received no share. The consequence of non-survival substituted the heirs of Anna W. Etheridge, Hattie Etheridge and Ada S. Rollins as the beneficiaries in a share of the trust remainder. However, until the death of the aforesaid named remaindermen prior to the demise of the life tenant, their respective heirs were only potential beneficiaries. Such heirs were contingent, substitutional and secondary remaindermen, and as such they constituted a class. “ It has been considered that an ultimate disposition of property to a class upon the termination of a trust estate is indicative of an intention that the composition of the class be fixed at the termination of the period of suspension and not before.” (Matter of Gaunt, 204 Misc. 622, 624.) The gift to the heirs being contingent, substitutional and secondary, it indicates the intention of the testatrix to postpone absolute vesting until the termination of the trust. (Matter of Sayre, 1 A D 2d 475, affd. 2 N Y 2d 929; Matter of Fishel, 167 Misc. 145, affd. 256 App. Div. 915, motion for leave to appeal denied 280 N. Y. 851.)
In the case of Matter of Burdsall (128 Misc. 582, 584) the Surrogate in his opinion stated “ The substitutional gift was *884 to a class of persons designated by description who were to be ascertained at the death of the trust beneficiary. This in itself tends to show that the testatrix meant to give only to those who were living when the class was to be ascertained. (Matter of Pulis, 220 N. Y. 196.) The provision for a substitutional gift also indicates an intent to make survivorship at the time set for distribution of the fund a test of right to participate therein. (Matter of Evans, supra; Matter of Bostwick, supra [236 N. Y. 242]; Matter of Leverich, 125 Misc. 130; Matter of Wronkow, 127 id. 679.) ”
A long-established rule of construction is the ‘ ‘ divide and pay over ” rule which in substance is, that where there are no words of present gift, but a direction to pay or divide at a future time, the vesting in the beneficiary will not take place until that time arrives. When the application of this general rule of construction is contrary to the intent of the testator, a resultant exception is declared. The rule has been severely criticized at times but it has never been abandoned. It is utilized when, the intent of the testator is not clearly set forth in the language of the will and when it does not frustrate the testamentary intent.
As was said in the case of Matter of Morgan (113 N. Y. S. 2d 630, 633), “ The will contains no present gift and futurity is annexed to the substance of the gift. Where there is (as here) a devise to a fiduciary with a direction to divide and pay over on the termination of a life use, futurity is annexed to the substitutionary gift which precludes vesting until the time for payment. (Smith v. Edwards, 88 N. Y. 92,103; Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Crane, 164 N. Y. 71, 58 N. E. 47; See, also, In re City Bank Farmers Trust Co. [Schwedler], Sup., 113 N. Y. S. 2d 306.) ”
In the case of Matter of Bierhoff (271 App. Div. 743, 746) the court said in construing a will in which there were no words of present gift as to an interest in a trust remainder: ‘ ‘ The will contains no words of a present gift. The only reference to a gift of the remainder is found in the above-quoted clause which directs a division and distribution of the remainder at a future time, that is, upon the death of the life tenant. Such a gift is future and contingent, not immediate and vested.”
The testatrix in disposing of the trust remainder in this case used no words of present gift. She provided, upon the death of the life tenant, ‘ ‘ the sum may be divided equally between the parties named in Twenty-second.” Such language, when considered with the substitutionary words “ or heirs ” in designating the primary remaindermen, indicates the intent of the *885 testatrix to attach the element of futurity to the substitutional gift and also it brings into play the divide and pay over rule.
It is determined that the testatrix intended that the gifts of shares in the trust remainder to Anna W. Etheridge, Hattie Etheridge and Ada S. Eollins (Milby) did not vest absolutely in such persons until they survived the life tenant, Lottie Chester.
It is determined that the heirs of Anna W. Etheridge, Hattie Etheridge and Ada S. Eollins (Milby) must be ascertained as of the termination of the life estate, which occurred on the death of Lottie Chester on November 7, 1959.
I hold, therefore, as follows:
(1) That Anna W. Etheridge, Hattie Etheridge, Ada S. Eollins (Milby) were not given an absolute vested interest in the trust remainder and such gifts failed because they did not survive the life tenant, Lottie Chester.
(2) The substitutionary gift to the heirs of Anna W. Etheridge vests absolutely in Prances D. Etheridge, the granddaughter of Anna W. Etheridge, and she is entitled to a one-fourth interest in the trust remainder; that Anne Etheridge, surviving spouse of a deceased son, William Swan Etheridge, has no interest in the distribution of the trust remainder.
(3) That the substitutionary gift to the heirs of Hattie Etheridge vests absolutely in Etheridge Grant, a grandson of Hattie Etheridge, and he is entitled to a one-fourth share in the trust remainder; that Phyllis Pedigo Grant, surviving spouse of Clinton P. Grant, a deceased grandson, has no interest in the distribution of the trust remainder.
(4) That the substitutionary gift to the heirs of Ada S. Eollins (Milby) vests absolutely in her daughters, Helen S. Eollins (Pisher) and Emma P. Eollins (Stowell), each to receive a one-eighth share in the trust remainder. That William Pabst and Eaymond H. Benedict, attorney for William Pabst, do not have any interest in the trust remainder by virtue of the assignment made by Ada S. Eollins (Milby) to William Pabst.
(5) That the said Ida J. Burke (Bundy) is presumed to be alive but her whereabouts are unknown, and her one-fourth share in the trust remainder is to be paid into court for her benefit in accordance with law.