Reid S. Mottle, J.
The Lochevan estate which was a part of the corpus of this trust has been sold for $260,000 pursuant to an order of this court. Now, we must decide who is entitled to the proceeds of this sale.
The trust agreement under which the estate was held was made in 1922 at Buffalo, New York. It provided that in the event *1065 of the sale of the estate each of grantor’s seven children should receive one of seven equal parts and that in the event of the death of any child that “ then such equal part shall be paid over to the heirs of such child.”
Spencer Kellogg, Jr., who was one of the grantor’s seven children, died in 1944 while a resident of California. He was survived by a widow Cosette Kupp Kellogg (now Cosette Kupp Stamm), a daughter, Lois Kellogg Maury (now Lois K. Duncan) and an adopted son David Bryce Kellogg.
The widow and the adopted son claim that they are heirs and under the terms of the trust are entitled to share in the proceeds of the sale.
The first question is whether the determination of who are heirs is to be made under the State laws of California where Spencer Kellogg, Jr., died, or New York where the agreement was made. We hold that since the agreement was made in New York, the grantor was a resident of New York at the time he made it, the trustees were residents of New York and the real property is located in New York State that New York State law applies. (Matter of Battell, 286 N. Y. 96 [1941].)
We next must determine the question of what New York law applies. Specifically, that is whether the definition of heirs as it was at the time of the making of the agreement in 1922 or as it was at the time of Spencer Kellogg, Jr.’s, death in 1944 and still is at the time of distribution applies.
In 1922 a widow was not an heir of her deceased husband. (Trowbridge v. First Stamford Nat. Bank & Trust Co., 182 Misc. 180 [1943], affd. 268 App. Div. 768, affd. 294 N. Y. 785.) In 1938, the law was changed to clearly include widows as heirs; section 47-c of the Decedent Estate Law was then enacted and is still the law.
This section, however, has no retroactive effect. (Trowbridge v. First Stamford Nat. Bank, supra; Matter of Cohn, 184 Misc. 258 [1944], affd. 271 App. Div. 775, affd. 297 N. Y. 536.)
The law in effect at the time the grantor established the trust applies unless a contrary intent appears in the trust instrument. (Matter of Battell, supra; Trowbridge v. First Stamford Nat. Bank & Trust Co., supra.)
If the grantor had intended the controlling law to be that which existed at a time other than when the trust was created he could have so provided and his wish would have governed. (Matter of Warring, 275 N. Y. 6 [1937].) I find nothing to indicate that he so intended and hold that the 1922 law applies. Consequently, the widow is not, for the purpose herein, an heir and she does not share in the proceeds.
*1066 So far as the adopted child is concerned, under section 114 of the Domestic Relations Law in existence in 1922, he is an heir of his foster parents. (Matter of Cohn, supra.) Consequently, he is entitled to share in the proceeds along with the natural child.
The court finds that for the purposes of this proceeding, David Kellogg and Lois Duncan are the only heirs of Spencer Kellogg, Jr.