*300 OPINION OF THE COURT
Bernard L. Reagan, S.
This is a proceeding for the judicial settlement of the account of First Trust & Deposit Company, as trustee of the trust created under paragraph "Sixth” of the last will and testament of Jennie L. Cady. A construction of said will is necessary in order that the identity of the parties entitled to final distribution may be determined.
Jennie L. Cady died a resident of Onondaga County, New York, on September 24, 1939, leaving a last will and testament dated October 28, 1935. Said will was admitted to probate by the Onondaga County Surrogate on October 23, 1939.
Therein the testatrix set up a trust from which her trustee was directed to pay to her son, Rush Boyd Cady, the income during said son’s lifetime. She further provided upon her son’s, Rush Boyd Cady’s, death that said payments be made to her daughter, Hazel, or if she be dead to her granddaughter, Jean.
Paragraph Sixth of said will provides as follows: "sixth: All the rest, remainder and residue of my estate, of every name and nature and wheresoever situate, I give, devise and bequeath to my executor hereinafter named, in trust, however, to take and divide the same into two shares, one containing two-thirds (%) thereof and the other one-third (Vs) thereof, and to hold, invest, reinvest and keep invested said two-thirds (Vs) share during the life of my said son, Rush Boyd Cady, and receive and collect the rents, income and profits thereof and pay over the same, to him in equal quarterly installments in each year until his death, and thereafter, if my said daughter Hazel be living, to hold said share upon similar trusts during her lifetime, or if she be dead, and her daughter Jean be living,” to hold the same upon similar trusts during her lifetime, and upon the termination of the trust hereby created to pay over said share to the next of kin of my said son, not including therein any wife to which he shall have been married prior to the date of this instrument, or any child of any such marriage; and also to hold, invest, reinvest and keep invested said one-third (Vs) share during the life of my said daughter Hazel and to receive and collect the rents, income and profits thereof and pay the same to her in equal quarterly installments in each year until her death, and thereafter, if
*301 her said daughter, Jean be living, to hold said share upon similar trusts during her lifetime, and upon the termination of the trusts hereby created, to pay over said share to the next of kin of my said grand-daughter Jean, to whom I give, devise and bequeath the same.”
Rush Boyd Cady, the primary income beneficiary of the trust, died July 17, 1972. Hazel C. Boyd, sister of Rush Boyd Cady, the first named secondary life income beneficiary of this trust, predeceased Rush Boyd Cady, she having died on April 2, 1960.
Hazel C. Boyd’s daughter, Jeanne B. Kimball, named in decedent’s will as "Jean” survives and has two children.
Rush Boyd Cady was married to and divorced from Ella Louise Chapman Cady prior to October 28, 1935, the date of decedent’s will.
Levi Chapman Cady, the son of Rush Boyd Cady and Ella Louise Chapman Cady, survives and has four children.
Rush Boyd Cady married a second time prior to the date of the will. This marriage ended in divorce on November 6, 1935. There were no children of this marriage.
Rush Boyd Cady married a third time on December 27, 1940 to Lucille M. Cady who survives. There are no children of this marriage.
The trustees have petitioned for a judicial determination as to: (a) Who are the remaindermen of the trust? (b) Who is the current income beneficiary of the trust?
In order to make a determination of the questions presented, the court must first answer the following: (1) What statutory law applies in determining "next of kin”? (2) At what point in time do you determine who the "next of kin” of Rush Boyd Cady are? (3) Are the children of Levi Chapman Cady excluded as "next of kin”? (4) Is the wife of Rush Boyd Cady, Lucille M. Cady, excluded as a "next of kin”?
I. WHAT STATUTORY LAW APPLIES IN DETERMINING "NEXT OF KIN”?
To arrive at an answer to this question the court must first look to the following dates that are pertinent to applying the proper statute: (a) October 28, 1935, date of testatrix’ will; (b) September 24, 1939, date of death of testatrix; (c) July 17, 1972, date of death of primary income beneficiary.
If the law as it existed on the date the will was executed, October 28, 1935 is applied, the widow, Lucille M. Cady, would *302 not be a "next of kin”. (Former Decedent Estate Law, § 81, as added by L 1929, ch 229, § 6, as amd by L 1930, ch 174, § 2.)
If the law as it existed on the date of death of the testatrix, September 24, 1939 is applied, the widow, Lucille M. Cady, would be a "next of kin”. (Decedent Estate Law, § 47-c; L 1938, ch 181.) Prior to the enactment of this section a surviving spouse never was an heir at law or next of kin. (Matter of Waring, 275 NY 6.)
The crucial points are the testatrix’s intention and her date of death. (Trowbridge v First Stamford Nat. Bank & Trust Co., 182 Misc 180; Matter of Wolf, 284 NY 644.)
From a reading of the will as a whole and considering the general testamentary scheme of the will there is no wording in said will to guide the court to any conclusion other than to apply the law as it existed at the time of the testatrix’s death.
Even though the will was drawn on October 28, 1935, prior to the effective date of section 47-c of the Decedent Estate Law, it can be assumed that the testatrix realized that the lines of inheritance may be changed. (Matter of Koch, 282 NY 462, 465.) The Legislature may change, limit or condition the law of succession. (Gilliam v Guaranty Trust Co. of N. Y., 186 NY 127; Matter of Dows, 167 NY 227.)
The will is ambulatory and speaks at the date of death of the testatrix.
Therefore since the testatrix died on September 24, 1939, the will speaks as of that date.
The law applicable on September 24, 1939 was section 47-c of the Decedent Estate Law which became effective on March 28, 1938. (Decedent Estate Law, § 47-c is now EPTL 2-1.1.)
Section 47-c of the Decedent Estate Law states that "heirs at law,” "next of kin” and distributees shall include a surviving spouse. Therefore Lucille M. Cady, as a surviving spouse, would be considered a "next of kin”.
It is interesting to note that when the testatrix drew her will on October 28, 1935, even though the law in effect at that time did not include a spouse as next of kin (Decedent Estate Law, § 81), she explicitly excluded any wife to which he (her son) shall have been married prior to the date of this instrument, which would indicate to the court that the testatrix considered a wife as a next of kin.
II. AT WHAT POINT IN TIME DO YOU DETERMINE WHO THE
"next of kin” of Rush Boyd Cady are?
*303 From a reading of the will it does not appear that the testatrix had any intention of giving a vested interest to the next of kin of Rush Boyd Cady until the death of the last lifetime beneficiary.
She states "and upon termination of the trust hereby created to pay over said share to the next of kin of my said son”.
The trust does not terminate until the death of Jean who is the last lifetime beneficiary and the "next of kin” of Rush Boyd Cady should be determined at the time of her death.
The testatrix, at the time of drawing said will, had no way of knowing who the ultimate next of kin of Rush Boyd Cady would be. She made a gift to a class of persons uncertain in number at the time of the gift. It is a general rule that membership in the class will be determined as of the time of distribution when such a time is indicated by the will. (Gilliam v Guaranty Trust Co. of N. Y., 186 NY 127, supra; Matter of Ward, 251 App Div 781.)
The will provides for disposition of the share to a class upon termination of the trust estate. The class is determined at the termination of the trust which in the case at bar would be on the death of Jean. (Matter of Swan, 29 Misc 2d 878; Matter of Bogart, 62 Misc 2d 114.)
III. ARE THE CHILDREN OF LEVI CHAPMAN CADY EXCLUDED AS "NEXT OF kin”?
The testatrix at the time she drew her will, October 28, 1935, did not know who her son’s "next of kin” would be upon distribution of the trust. She did know who she considered her son’s next of kin on the date she drew her will, namely, Ruth Wetzel Cady, her son’s second wife, and Levi Chapman Cady, a grandson born of her son’s first marriage to Ella Louise Chapman Cady.
Paragraph "Sixth” of the will provides as follows: "and upon termination of the trust hereby created to pay over said share to the next of kin of my said son, not including therein any wife to which he shall have been married prior to the date of this instrument, or any child of any such marriage”.
There is precedent for the proposition that child also means grandchild for inheritance purposes. (Matter of Villalonga, 6 NY2d 477; Matter of Brown, 93 NY 295.)
In Matter of Beu (70 Misc 2d 396) the court held that where the use of a broad disinheritance clause might have an unintended result (in the Beu case the legacy would escheat to the *304 State) that the disinheritance of a descendant does not disinherit the descendant’s issue.
The court has not been able to find any precedence to the effect that words of exclusion, excluding "any child”, is also to exclude grandchildren from inheritance; the question appears to be of first impression in the courts of the State of New York.
This is not to say that the testatrix’s intent was not to exclude grandchildren. The testatrix’s expressed intent is the only construction guide we need.
In the case at bar the testatrix uses words of disinheritance, a negative direction. She excluded an entire class, namely any child of any marriage prior to the date of her will. In using words of exclusion "any child of any such marriage” used in connection with the words "next of kin” indicate an intent to disinherit a blood line.
It appears from reading the sixth clause in its entirety the testatrix’s clear intention was to treat any child of any such marriage prior to the date of her will, October 28, 1935, as if he never existed and, therefore, any children of Levi Chapman Cady or his distributees would not be considered "next of kin” for purposes of inheritance.
IV. IS THE WIFE OF RUSH BOYD CADY, LUCILLE M. CADY, EXCLUDED AS A "NEXT OF KIN”?
In the case at bar the testatrix under paragraph "Sixth” states "upon the termination of the trust hereby created to pay over said share to the next of kin of my said son, not including therein any wife to which he shall have been married prior to the date of this instrument.”
These are words of disinheritance, a negative direction. It is argued that Lucille Marshall Cady, the surviving widow of Rush Boyd Cady, should be excluded as a member of a class on the reading of the will.
The court does not agree that the widow is excluded by the will. The language of Jennie L. Cady’s will is a negative disposition. The intent is found in reading that portion of the will which states "not including therein any wife to which he shall have been married prior to the date of this instrument.” Testatrix, by excluding spouses prior to the date of the will, consented to the inclusion of any spouse of a subsequent marriage.
It is also evident, for reasons stated above, that the law that *305 applies would be the statute in effect at the time of the testatrix’s death, namely section 47-c of the Decedent Estate Law. The said statute expressly names a wife as a next of kin. Therefore, Lucille M. Cady would not be excluded as a next of kin of Bush Boyd Cady.
In constructing and interpreting paragraph "Sixth” of the last will and testament of Jennie L. Cady, deceased, the court finds that the determination of the class of "next of kin” should be deferred until the death of the present life beneficiary of said trust to wit: Jeanne B. Kimball, set forth in said paragraph "Sixth” as "Jean.”
The law to be applied in determining the class "next of kin” is that law in effect at the time of the death of the testatrix, September 24, 1939. (Decedent Estate Law, § 47-c, L 1938, ch 181.)
At the time the class "next of kin” is determined upon the death of Jeanne B. Kimball, the trustee should look to section 47-c of the Decedent Estate Law and determine the "next of kin” of Rush Boyd Cady as if he had died immediately after Jeanne B. Kimball, excluding Levi Chapman Cady and his children but including Lucille M. Cady, if they be living at that time.
In determining members of the class "next of kin” for purposes of distribution the trustee should apply section 83 of the Decedent Estate Law, as it existed at the time of death of the testatrix, September 24, 1939.
Paragraph "Sixth” provides "if my said daughter Hazel be living, to hold said share upon similar trusts during her lifetime, or if she be dead and her daughter Jean be living, to hold the same upon similar trusts during her lifetime.”
Hazel, the daughter of the testatrix, predeceased Rush Boyd Cady, she having died on April 2, 1960 survived by her daughter, Jean. It is clearly expressed upon reading said paragraph "Sixth” that the current income beneficiary would be Jeanne B. Kimball, named in decedent’s will as "Jean.”